Henderson, Judge
 

 —We cannot sustain this as a bill of Interpleader — for in such bills the equity ofthePlain* tiff is to be indemnified in the
 
 delivery
 
 of property, of which he is in possession, and to which he claims no right The Plaintiff not having the possession, is unable to do the only act for which an indemnity is given. But I think that he has an equity, growing out of the motion to dismiss the bill at this late period, after the Defendant has submitted to the jurisdiction of the Court. The Defendant should be restrained from computing the time which has elapsed during this litigation, in support of the plea of the statute of limitations, in any suits which may be brought at law by the Plaintiff, for this property. There would be no doubt of this equity, if the subject matter of tins suit was of equitable cognizance, ami in principle, under the circumstances of the case, I think there is no difference.
 

 From the commencement of this suit, the Defendant either believed that this Court had not jurisdiction, or that it had. If he believed the former, and had the present motion in view, he has been guilty of a gross fraud in every step taken in this cause, from which the Plaintiff might infer that he intended to try the question here. His opposition to the application for an injunction against computing the time spent in this Court, is strong evidence that his object was to deceive the Plaintiff. If he did not know from the first, that this bill was improperly framed, hut has lately been apprized of it, he wants the common feelings of humanity, in wish-
 
 *172
 
 †0 visit the Plaintiff with the most disastrous consequences, for the crime of ignorance, in which he himself so fully participated. I think that the equity of thePlain-|jg- js heiglitened by the circumstance, that it is not the loss of property, to which he is to bo subjected, if barred by the statute, which many can bear with equanimity, but he is to be overwhelmed with a large debt, which few can endure in the like manner.
 

 This case is also of a nature well calculated to mislead upon the question of jurisdiction. The property in contest, is claimed from the same person ; the right of the parties depend upon the construction of the same instrument — the Plaintiff is an administrator, and not personally interested. He is a bare trustee; the property was in the possession of some of the next of kin, and of persons claiming under them, and holding adversely to the claim of others also next of kin. It was therefore more convenient to go into a Court of Equity, as one suit would settle the whole controversy. And no doubt, it was thought, that the want of possession was a mere matter of form, as the persons who had it were brought before the Court, and that, upon a final adjustment, possession could as well be delivered by them, as by the Plaintiff. Under this impression, the bill, and a cross bill, were filed — answers made — depositions taken — an account ordered — the cause set for hearing — removed to this Court — and all necessary interlocutory orders made. And after all this time spent, and costs incurred, when the cause is ready for trial, this motion to dismiss is made, for want of jurisdiction in the Court, in which the Defendant has been an actor himself.
 
 Justice
 
 and Equity require, that as the Defendant now declines to submit the trial of his case to this Court, that the time which has been spent in this litigation (honestly on the part of Plaintiff) shall not be computed, in support of a bar for the Defendant, under the statute of limitations, should suit be brought at law. The advantage was either
 
 *173
 
 fraudulently acquired, or obtained through the ignorance of
 
 both
 
 parties. One should not be so highly benefited, and the other so severely punished. But the Plaintiff must pay the costs of the suit.
 

 Per Curiam.
 

 — iletain the bill, and direct, that if the Plaintiff sues at law, the time during which this bill has pended, shall not be computed, upon the plea of the statute of limitations.