John E. Dennison *vs.* Phanuel Wantz. Same *vs.* Same.

*Appeal—Order.*

An appeal will not lie from an order requiring the defendant to answer by a certain day, such order not being final.

Appeals from the Circuit Court for Carroll County, in Equity.

The nature of the case is stated in the opinion of the Court.

The cause was argued for the appellee before Alvey, C. J., Stone, Miller, Robinson, Irving, and Bryan, J., and submitted for the appellant.

*J. A. C. Bond,* and *William N. Hayden,* for the appellant.

*William P. Maulsby,* for the appellee.

Irving, J., delivered the opinion of the Court.

There are two appeals in this record. 1. From an order overruling the demurrer to the complainant's bill. 2. From an order passed after overruling the demurrer, requiring the defendant to answer by a certain day.

1. The bill charges facts similar to those set out in *Dennison vs. Yost,* [*ante* p. 139,] which was argued with this case. The reasons assigned in that case, for affirming the order overruling the demurrer, cover this case also, and the order overruling the demurrer will be affirmed.

2. The appeal from the order requiring the defendant to answer by a particular day must be dismissed. That

order is not a final order, or final in its nature, and is not, therefore, appealable under section 20, of Article 5, of the Code. The bill was filed for relief, and not for discovery only. Technically it was not for discovery at all; and the learned Judge says in his opinion, he did not so regard it. He regarded the call for answer, in the bill, as a merely formal demand on, a notification of, the defendant to defend the writ. The order, that the defendant answer by a certain day, was only a mode of giving leave to answer by a particular time, so that issue might be made; or if he failed to answer, the complainant might be entitled to proceed with his proof. The defendant might have answered such facts as he could without danger of criminating himself, and might have pleaded his privilege, and omitted to answer the rest; and the question of the sufficiency of the answer would arise on exceptions to it, if any were taken. It is clearly not such an order, that an appeal will lie from it.

*Order overruling demurrer affirmed.*
*Appeal from order requiring answer dismissed.*
(Decided 21st December, 1883.)