THE AMMENDALE NORMAL INSTITUTE OF PRINCE GEORGE'S COUNTY *vs.* JOHN ANDERSON, MICHAEL P. COONEY, and others.

*Mechanics' lien—Interpleader—Right of Attachment.*

A corporation owning a building contracted for the erection of an addition thereto, and stipulated as to the times and amounts of the payments of the contract price. A judgment was obtained against the contractor, and an attachment thereon was laid in the hands of the owner. A number of persons alleging that they had mechanics' lien claims for work done and materials furnished to the addition to the building, filed a bill in equity to enforce their payment. The owner of the building filed a bill admitting a balance in hand due the contractor under the contract, and expressing a readiness to pay the same to the persons rightly entitled thereto. This balance was insufficient to pay the alleged claims. The complainant stated that it could not know with certainty to whom it ought to make payment because of the conflicting claims, and that it was entitled to have an adjudication of the different claims for the purpose of securing itself against making payments to persons not entitled to receive them, and that it was entitled to have the building relieved from liability for the claims for work and materials. HELD.

1st. That the bill was not maintainable, as the holders of mechanics' liens had no concern with the state of the accounts between the owner of the building and the contractor, their claim being against the building, and they had a right to be paid the full amount due them by a sale of it, if the proceeds of sale were sufficient.

2nd. That such a bill being in the nature of a bill of interpleader, ought to offer to pay into Court the money due by the complain-

Ammendale Normal Institute *vs.* Anderson, *et al.*

ant, and an affidavit should be filed stating that there was no collusion between the complainant and any of the parties.

3rd.  That the debt due by the owner of the building to the contractor was attachable like any other debt.

APPEAL from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, and McSHERRY, J.

*Alfred Hughes,* for the appellant.

*William Stanley,* and *\*J. S. Wilson,* for the appellees.

BRYAN, J., delivered the opinion of the Court.

The Ammendale Normal Institute of Prince George's County, a corporation, made a contract with John Carey for the construction of an addition to a building which belonged to the Institute.  The amount stipulated to be paid was twenty thousand nine hundred and twenty-eight dollars.  The work to be done, and the times and amounts of the payments were particularly specified in a written contract.  It appears that John T. Fahey has obtained a judgment against Carey, and has issued an attachment on the judgment, and caused it to be laid in the hands of the corporation; and that a number of persons allege that they have mechanics' liens for work done, and materials furnished to the addition to the building; and that two of these persons, John Anderson and Michael P. Cooney, have filed a bill in equity for the purpose of enforcing the payments of their alleged claims.  The corporation above named filed a bill in

*Present, but did not participate in the argument.

equity, stating that it had a balance in hand due to Carey under the contract, which it was prepared to pay to the person entitled to receive the same. This balance is not sufficient to pay the alleged claims. It stated that it could not know with certainty to whom it ought to make payment, because of the conflicting claims; and that it was entitled to have an adjudication of the different claims for the purpose of securing itself against making any payments to any persons not entitled to receive them; and that it was entitled to have the buildding relieved from liability for the claims for work and materials. An injunction was prayed against Anderson and Cooney; and subpœnas against Fahey and the other persons who claimed liens. Anderson, Cooney and other defendants demurred. The Court sustained the demurrer, and dismissed the bill of complaint.

The bill brings a number of parties before the Court for the purpose of settling their conflicting claims to a fund in the hands of the complainant. In this aspect, it has the features and purposes of a bill of interpleader. Such a bill ought to pay into Court the money which is due by the complainant, (*Daniels' Chancery Practice, m. p.* 1563;) and moreover, it is indispensable that the complainant should file an affidavit that there is no collusion between him and any of the parties. The bill is demurrable if this affidavit is not filed with it. *Daniel's Chancery Practice, m. p.* 1562. But it is not necessary to make any further observations on this point, because the whole foundation of the complainant's case must fail. Holders of a mechanics' lien are not restricted to the amount due from the owner of the building to the contractor. They have no concern whatever with the state of the accounts between the parties. They make their claim against the building, and have a right to be paid the full amount due them by a sale of it, if the proceeds of sale are sufficient. The mechanics' lien law is per-

fectly distinct on this point. The owner of the building must rely for his protection on such defences as arise under this law. The effort of the bill of complaint is to make the lien claimants accept the personal responsibility of the complainant in the place of their right to proceed against the building, and to compel them to determine, by litigation with each other, the dividend which they are to receive from this fund. This cannot be done. With respect to the claim of the attaching creditor the ordinary course must be pursued. The debt due by the owner to the contractor is attachable like any other debt. We have said that it has no connection with the lien claims.

The decree of the Circuit Court must be affirmed.

*Decree affirmed,*
*with costs.*

