LOOK v. McCAHILL.

INTERPLEADER—PAYMENT INTO COURT—DEFAULT.

Where, upon a bill of interpleader, it is ordered that the complainant pay the fund into court for distribution pursuant to the terms of the decree, and, in default, that the bill be dismissed with costs to defendants, it is the complainant's duty to comply with the order, and he cannot excuse his failure to do so upon the ground that one of the defendants has threatened to appeal.

Appeal from Wayne; Moore, J., presiding upon original hearing, Carpenter, J., upon supplemental application. Submitted June 7, 1895. Decided July 2, 1895.

Bill of interpleader by William Look against John K. McCahill, as administrator of the estate of James R. McCahill, deceased, and William W. Chapin. Complainant appeals from a decree dismissing his bill. Affirmed.

*Ira G. Humphrey,* for complainant:

The bill was properly filed. *Sprague* v. *Soule,* 35 Mich. 35; *Moore* v. *Barnheisel,* 45 Mich. 500; *Bank* v. *Look,* 95 Mich. 7.

*Ed. E. Kane,* for defendant McCahill:

Complainant should have complied with the terms of the decree by paying the money into court. *Bechtel* v. *Sheafer,* 117 Pa. St. 555; *Atkinson* v. *Manks,* 1 Cow. 691;

*Blue* v. *Watson,* 59 Miss. 619; *Meux* v. *Bell,* 6 Sim. 175; *St. Louis Life Ins. Co.* v. *Alliance Mut. Life Ins. Co.,* 23 Minn. 7; *Cullen* v. *Dawson,* 24 Minn. 66; *Bank* v. *Look,* 95 Mich. 7; *Farley* v. *Blood,* 30 N. H. 354.

The decree, whether right or wrong, cannot be disturbed at the instance of complainant. *Atkinson* v. *Flannigan,* 70 Mich. 639.

MONTGOMERY, J. This is a bill of interpleader, which sets out that in 1890 defendant McCahill's child was injured through the negligence of the Detroit City Railway Company, from which injuries the child afterwards died, and McCahill was appointed administrator of his estate. Defendant Chapin was retained as an attorney to represent the administrator. The first trial resulted in a verdict against the plaintiff. After the trial the complainant was retained to remove the case to this court, and a substitution of attorneys took place. There was an agreement between complainant and McCahill that out of the damages recovered in the suit McCahill should first receive the amount of any advances in the suit for expenses, and the remainder should be divided equally between complainant and McCahill. The case was finally tried in the circuit, and there was realized upon the judgment and costs $586.80, which amount came into the hands of the complainant. Defendant Chapin thereupon served upon complainant a claim of lien upon the judgment or fund in his hands, with a notice not to pay over any sum to McCahill. McCahill, on the other hand, made a demand upon complainant for $384.90, and threatened to bring suit unless the sum was immediately paid. Complainant thereupon filed this bill of interpleader, and offered to pay the fund to such of the defendants as the court should find entitled to the same, and also offered to pay the same into court. Both defendants answered the bill, and the case came on to be heard, and a decree was entered finding that the bill was properly filed, and ordering that within one week from the date of said

decree the complainant pay unto the register of the court the sum of $294.80, and that upon such payment he be released and discharged from all claims and demands of said McCahill, as administrator, upon him, so far as said sum of $294.80 was concerned, and further ordering that complainant have costs to be taxed, and that such costs be paid out of said fund by the register of said court, and that the balance of said fund be paid to the defendant McCahill or his solicitor. The decree further provides that—

"In case said complainant refuses or neglects to pay said money into the registry of this court, as hereby ordered, the bill of complaint herein be dismissed, and in such case said defendant McCahill recover of said complainant his costs in this case to be taxed, and have execution therefor."

Complainant failed to pay the money into court within the time fixed by the order, and an order was issued requiring complainant to show cause why a decree should not be entered dismissing the bill with costs to defendant McCahill, as provided in the original decree, and subsequently, after hearing upon this order to show cause, a decree was entered, dismissing the bill with costs, and providing for an execution for their collection. Complainant appealed to this court.

The complainant, it will be observed, concedes that he did not comply with the first decretal order, and excuses his failure to do so by the statement that there was a threat of appeal made by defendant Chapin, and that this threat made it unsafe for complainant to comply with the terms of the order. But we think the complainant was too apprehensive. It is common practice for the payment of money into court to accompany the filing of the bill. See 2 Daniell, Ch. Prac. 1563, and cases cited. And when the order was made requiring him to make payment into court, it became his duty to comply with it, and, in complying, he would be fully protected, if the case was

a proper one for interpleader, and this certainly the complainant cannot deny.

The decree will be affirmed, with costs.

The other Justices concurred.