PEYTON HAIRSTON et als v. J. M. GARWOOD.

(Decided November 29, 1898.)

*Judgments—Attorney and Client.*

A judgment, entered by consent of counsel of record, in a matter coming within the scope of his authority, is regular, and binding on the client, and will not be set aside on the ground of surprise or excusable neglect.

MOTION in the cause, to set aside a judgment rendered at Fall Term, 1896, of Superior Court of DAVIE County, heard before *Starbuck, J.*, by consent, at CHAMBERS.

Garwood, the defendant, had, theretofore filed a petition before the Clerk, in the nature of a processioning proceeding to have the lines of his land established. The plaintiffs, who were the adjoining proprietors, were duly notified, appeared and filed answers. The lines were surveyed, and judgment rendered by the Clerk in favor of Garwood, and on appeal to Term, the judgment was affirmed.

The plaintiffs, Hairston and others, then, each of them brought actions of ejectment against Garwood, which were all consolidated into the present action at the Fall Term, 1896, and judgment rendered in favor of defendant in these words: "It is further ordered, adjudged and decreed by and with the consent of the attorneys for plaintiff and defendant in all of said cases, that all matters and things set up and involved in said cases are hereby determined in favor of J. M. Garwood, and that the said J. M. Garwood is the owner in fee simple of all the lands described in the pleadings in the several cases; and it further appearing that this and the there

other cases aforesaid brought to Spring Term of this Court and consolidated herein were brought, in *forma pauperis*, it is now adjudged, that this consolidated case be and the same is hereby dismissed without costs."

. Plaintiffs offered affidavits in support, and defendant affidavits in denial of contentions as to the want of authority in plaintiff's attorney to consent to said judgment, and as to the merits of plaintiff's cause of action.

It is admitted, that pursuant to the compromise defendant paid plaintiffs' attorney $35; and that the judgment was rendered in open court, by consent of said attorney for plaintiffs and attorney for defendant; also that the attorney for plaintiffs was employed by them to represent them in the case, and that he was marked on record as plaintiffs' attorney.

No evidence is offered to show that said attorney is insolvent

The plaintiffs insist, that if their said contentions are true, the judgment should be vacated on this motion, upon the grounds:

First. Of excusable neglect and surprise.

Second. Of want of authority in their attorney.

Third. Because of irregularity, in that their attorney had no authority to consent to the judgment, and that the judgment purports to be by consent of attorneys and not by consent of parties.

The Court is of opinion:

That the judgment is regular.

That plaintiffs' contentions and admitted facts do not present a case of surprise or excusable neglect within contemplation of Section 274 of *The Code*.

That plaintiffs' redress lies against their attorney.

HAIRSTON *v.* GARWOOD.

That if the judgment is open to attack, the attack should be by independent action.

The Court, therefore, declines to find whether plaintiffs did or did not consent to the compromise and judgment.

For the reason stated, it is adjudged that the motion of plaintiffs to vacate said judgment be and is hereby dismissed.

Plaintiffs appealed.

*Mr. E. E. Raper*, for plaintiffs (appellants).
*Messrs. E. L. Gaither* and *T. B. Bailey*, for defendant.

MONTGOMERY, J.: This proceeding is on a motion made by the plaintiffs to vacate and set aside a judgment taken against them by the defendants at the Fall Term, 1896, of Davie Superior Court, and to re-instate the case which was dismissed by that judgment. The case in which the motion was made embraced a former suit by the defendants here against the plaintiffs, and a latter suit by the plaintiffs here against the defendants —both suits being over the same subject matter and consolidated by order of the Court.

The grounds of the motion were, first, irregularity of the judgment, and, second, surprise and excusable neglect under Section 274 of *The Code*. The plaintiffs are entitled to no relief on the latter point, as the whole proceeding shows that the plaintiffs' contention is that their counsel exceeded his authority in his conduct of the case. He is not charged with negligence but with too much zeal. The judgment complained of recited that the matters and things set up and involved in the cases were by and with the consent of the *attorneys* for

plaintiffs and defendants determined in favor of J. M. Garwood, the defendant, and that J. M. Garwood was the owner of the land described in the pleadings and that the consolidated case be dismissed. The plaintiffs contended, on the hearing of the motion that the judgment was irregular for the reason that the consent of the *attorney* of the plaintiffs to the rendition of the judgment was not the consent of the plaintiffs themselves. Affidavits were introduced by the plaintiffs going to show that the plaintiff's attorney, without the consent of the plaintiffs and even against their instructions, entered into a compromise of the law suit and that the judgment was the result of the compromise; that as soon as they heard of the judgment, they made the motion to vacate it, and that if they had been present when the judgment was rendered they would have opposed it. The defendants also had affidavits in which the compromise was admitted but affirming that the plaintiffs had knowledge of the action of their attorney. His Honor declined to find whether the plaintiffs did or did not consent to the compromise and judgment, and held the judgment to be regular. There was no error in that course by his Honor. The action of the plaintiffs' attorney was plainly within the scope of his authority. An attorney can confess a judgment and thereby bind his client. Weeks on Attorneys, Section 222. In *Stump* v. *Long*, 84 N. C., 616, it is said by the Court that "every agreement of counsel entered on record and coming within the scope of his authority must be binding on the client," and to the same effect is the opinion in the case of *Bradford* v. *Coit*, 77 N. C., 72; *Henry* v. *Hilliard*, 120 N. C , 479. If the judgment had shown upon its face that it had been entered as the result of a compromise made by the *attorney*, and that

the judgment had been entered by his consent, the question would be a very different one from the one presented by this record. That question is not before us and we need not discuss it. On the subject, however, the case of *Moye* v. *Cogdell*, 69 N. C., at page 95, may be read with interest.

Affirmed.