BESSIE K. BROWN ET AL. v. VIRGINIA-CAROLINA CHEMICAL COMPANY.

(Filed 29 April, 1914.)

**Trials—Acquiescence—Implied Consent—Appeal and Error—Objections and Exceptions.**

As to whether permanent damages to the plaintiff's land should have been assessed in this action, *quære.* But it appearing that no exception to this issue was taken upon the trial, or in the assignments of error, and that upon a former appeal the defendant concurred in or insisted upon the correctness of the position that they should be so assessed, and a new trial on that issue alone was granted, it is held that the defendant is concluded on this appeal by his conduct or acquiescence from contending that such an issue was improperly submitted or passed upon on the second trial.

APPEAL by defendant from *Lyon, J.,* at January Term, 1914, of DURHAM.

Civil action to recover damages for an alleged nuisance.

A succinct statement of case appears in the judgment, as follows:

"This action having been tried before Whedbee, judge, at July Term, 1912, upon the following issues, towit:

"1. Are the plaintiffs the owners of the property described in the complaint?

"2. Has the plaintiffs' property been injured by the wrongful act of the defendant, as alleged in the complaint?

"3. What permanent damages, if any, have the plaintiffs sustained?

"And the jury at said term having for their verdict responded to the first issue 'Yes,' to the second issue 'Yes,' and to the third issue 'Three hundred dollars ($300),' and the plaintiffs having appealed to the Supreme Court of North Carolina from the judgment rendered upon said verdict, and the opinion and judgment of the Supreme Court having been certified down to this court and filed, in which said judgment the said Supreme Court directed a new trial upon the issue of damages, and affirmed the judgment rendered upon the first and second issues above set out; and this action coming on to be tried before his Honor, Lyon, judge, and a jury, at this January Term, 1914, in the Superior Court of Durham County, and the following issues having been submitted to the jury, towit:

"1. What damages, if any, has the plaintiff sustained up to the commencement of this action?

"2. What permanent damages, if any, has the plaintiff sustained?

"And the jury for their verdict having responded to the first issue 'Seven dollars ($7),' and to the second issue 'Eight hundred eighty-eight and no/100 dollars ($888)':

"Now, therefore, it is ordered and adjudged that the plaintiff, Bessie K. Brown, recover of the defendant the sum of seven dollars ($7) annual damages, and the further sum of eight hundred eighty-eight and no/100 dollars ($888) permanent damages, with interest therefrom from 5 January, 1914, and the costs of this action to be taxed by the clerk of the court.

"It is further ordered and adjudged that upon the satisfaction of this judgment, the defendant have and enjoy, as it affects the plaintiffs' property, the permanent right, privilege, and ease-

ment to conduct its business at the place it is now conducted, and in the manner it is now conducted, and was conducted at the beginning of this action."

Defendant, having duly excepted, appealed.

*J. W. Barbee and Manning, Everett & Kitchin for plaintiff.*
*Bryant & Brogden and Fuller & Reade for defendant.*

HOKE, J. On a former trial of cause there was verdict for plaintiff, fixing liability for a nuisance in the maintenance and operation of a manufactory of commercial fertilizers and assessing permanent damages at $300. Judgment having been entered on the verdict, plaintiff appealed, assigning for error a portion of the judge's charge on the issue as to permanent damages. A new trial was awarded on this issue (see case, 162 N. C., 83), and the opinion having been certified down, the cause came on for a new trial of that issue before his Honor, C. C. Lyon, judge, as stated.

On the present trial, defendant maintained that this was not a case permitting an award of permanent damages, and, in order to present the question in a determinative form, issues were submitted, both as to recurrent and permanent damages. Verdict having been rendered, his Honor gave judgment for the permanent damages assessed. Defendant excepted and appealed.

As an original or independent proposition, the Court is not prepared to differ with defendants' view that the cause is not one permitting the award of permanent damages as a matter of right. The cases in which that principle has been thus far allowed to prevail in this State are those where it was expressly established by statute or where the injuries arose from structures or conditions permanent in their nature and their continued maintenance was protected and guaranteed by the statutory power of eminent domain, as in case of roads and railroads, or because the interest of the public in this continued existence was of such an exigent nature that the right of the individual owner was of necessity and to that extent subordinated to the public good. See cases *Harper v. Lenoir,* 152 N. C., 723; *Geer v. Durham Water Co.,* 127 N. C., 349; *Parker v. R. R.,* 119 N. C., 677; *Ridley v. R. R.,* 118 N. C., 996.

The question, however, in our opinion, is not necessarily presented on this appeal, and we do not decide it, for, while the plaintiff may not have been permitted, in this instance, to sue for permanent damages as a matter of right, the parties have the undoubted privilege of determining the case on that theory if they so elect. It is one usually sought by defendant in order to protect himself from the cost and harassments of repeated suits and to acquire the right of conducting his business by designated methods, and where both parties have elected to have their rights determined on such an issue, it is not open to them, in the discretion of either, to change front and insist on a different method.

From a perusal of the record, we think it clear that this position should prevail in the present case. The plaintiff in the action sought to recover permanent damages for the alleged wrong. The defendant joined issue on the demand in that form, and on verdict and judgment for plaintiff not only filed no exception, but appeared in this Court on appeal and insisted that the cause had been properly tried and determined.

Apart from this, the Court only ordered a new trial on the issue as to permanent damages, and defendant, having once tried out his case on that theory, it is no longer open to him to insist on another. Authority elsewhere is in support of this view. *Chesapeake R. R. v. Resin,* 99 Va., 18; *Winona Zinc Co. v. Durham,* 56 In. App., 351; *Scott v. Nevada,* 56 Mo. App., 189.

There is no error in entering judgment for permanent damages, and the same is affirmed.

No error.