LEWIS LIPSITZ v. WILLIAM R. SMITH ET ALS.

(Filed 24 September, 1919.)

### 1. Mortgages—Sales—Deceased Mortgagor.

The sale, in pursuance of the power contained in a mortgage made by husband and wife of the latter's lands, after the death of the principal mortgagor, the wife, is properly made.

### 2. Same—Devisees—Parties.

Where the mortgagee has sold the lands of the wife according to a power of sale therein, after the death of the wife, the devisees of the wife are the proper and usually sufficient parties in a suit involving the distribution of the surplus.

### 3. Mortgages — Sales — Surplus Funds — Deceased Mortgagor—Devisees— Suits—Interpleader.

Where the mortgagee of lands sells the same under the power of sale contained in the instrument, after the death of the mortgagor, and has a surplus fund in his hands for distribution among her devisees, among whom there is a *bona fide* dispute as to the amount each should receive, the mortgagee may maintain a suit to protect himself in paying over the surplus to the distributees until the correct proportion is determined by the court, in the nature of an original bill of interpleader under the old system, showing that he has the fund in his possession and his readiness to pay it into court as a jurisdictional or essential averment, and the court may make proper orders for its care and supervision.

### 4. Appeal and Error — Fragmentary Appeal — Mortgages — Sales—Interpleader—Stake-holder—Orders—Inconsistent Positions.

Where the mortgagee has a surplus fund in his hands for distribution among the devisees of the deceased mortgagor, among whom is a *bona fide* dispute as to their distributive share, and the mortgagor has brought

suit to protect himself in paying over the amount in his hands, his appeal from an order of court directing him either to pay the same into court or to give bond for the protection of the claimants is a fragmentary one and improvidently taken; and further, his position in objecting to the order is antagonistic to the basic facts required to sustain his suit, which he will not be allowed to question.

ACTION in the nature of a bill of interpleader, heard on motion to require plaintiff to pay the money into court, before *Connor, J.,* at May Term, 1919, of BERTIE.

There was judgment directing the plaintiff to pay this fund into court or give a solvent bond to secure the same, etc. Plaintiff excepted and appealed.

*Gillam & Davenport for plaintiff.*
*Winston & Matthews and Martin & Winborne for defendants.*

HOKE, J. On the hearing it was made to appear that in 1915 William R. Smith and his wife Mary, being indebted to the plaintiff, in order to secure said indebtedness, executed a mortgage on the land of Mary Smith, his wife, with power of sale. And soon thereafter said Mary Smith died leaving a last will and testament, devising her lands in unequal proportion to her husband, her three daughters, Hattie Hardy, Mariah Hardy, and Joe Alfred Hardy, now intermarried with her codefendant, Lonnie Perry. That said indebtedness being due and unpaid as per contract, plaintiff, under the power of sale contained in said mortgage, sold said land for the price of $2,030, executed a deed for same to the purchaser, applied the proceeds to payment of the amount due on said debt and costs, etc., amounting to $284.45, leaving a balance in his hands of $1,745.55, which plaintiff now holds for distribution among the parties justly entitled to same, and having no other interest in said fund.

That William R. Smith, the husband, has acquired the interest on said land devised to two of the daughters, Hattie and Mariah Hardy, and as between William R. Smith and the other daughter, Joe Alfred Hardy Perry, there is a *bona fide* dispute as to how much of said fund in plaintiff's hands is due to either of said parties, the nature of the dispute being fully set forth in the pleadings, that he cannot with safety pay out this fund to the respective claimants until the correct proportion is determined, etc.

On these facts chiefly relevant we are of opinion that the order directing the payment of money into court was clearly within the power of his Honor, and that the same has been providently made.

So far as now appears and under our decisions applicable this power of sale contained in the mortgage has been properly exercised, notwith-

standing the death of the principal mortgagor. *Carter v. Slocomb,* 122 N. C., 475.

The devisees under the will as holders of the equity of redemption therein are the proper and usually the sufficient parties in a suit involving a distribution of the surplus. *Snow v. Warwick Institute,* 17 R. I., p. 66; 27 Cyc., pp. 1498-99, 1792; 2 Jones on Mortgages, secs. 1687-1929-31.

And the proceedings showing that plaintiff is the holder and in possession of the fund to which he makes no claim, and that defendants are in a *bona fide* controversy as to their respective interests, the facts would seem to present a clear case for an original bill of interpleader under the old system and now disposed of by civil action. In such case not only is it within the court's power to make all proper orders for the care and supervision of the fund, but the plaintiff in such a bill must have the fund in his possession and allege his readiness to pay the money into court as a jurisdictional or essential averment. *Fox v. Cline* 85 N. C., 174-76; *Martin, Admr. v. Maberry et al.,* 16 N. C., 169; *Look v. McCahill,* 106 Mich., 108; *Walker et al. v. Aldrich et al. (Williams v. Walker),* 2 Richardson's Equity, p. 291; *Ammendale Institute v. Anderson,* 71 Md., 128; Pomeroy's Equity, sec. 59; 23 Cyc., 23.

This being true, we are of opinion further that no appeal lies from the order made in this case, the same being interlocutory in its nature and no substantial right of appellant being affected. *Blackwell v. McCain,* 105 N. C., 460; *Warren v. Stancill,* 117 N. C., 112; *Sutton v. Schonwald,* 80 N. C., 20; 2 Beach Modern Equity, sec. 924.

As said in the last citation, it is ordinarily true that "A decree that money be paid into court or that property be delivered to a receiver or that property held in trust shall be delivered to a new trustee appointed by the court for preserving the property pending litigation is interlocutory merely, and no appeal lies from it."

The plaintiff, having sought the aid of the court for his own protection in making disposition of a fund among several claimants, is required as stated to allege as an essential fact that he has the fund in possession and is ready and willing to pay the same into court or do whatever the court may order concerning it. In no event should he be allowed to maintain a position inconsistent with or directly antagonizing the basic facts of his own suit or question orders which the court may make in furtherance of his own application. *Brown v. Chemical Co.,* 165 N. C., 421; *R. R. v. McCarthy,* 96 U. S., 258; *First National Bank v. Dovetail,* 143 Ind., 534-538.

On the record, defendants' motion to dismiss plaintiff's appeal must be allowed and it is so ordered.

Appeal Dismissed.