Summary proceedings in ejectment, under the landlord and tenant act, instituted before a justice of the peace, carried by appeal to the county court of Wayne County, and thence to Superior Court of said county, where it was tried before Devin, J., and a jury, at November Term, 1920. On the trial plaintiff offered in evidence a contract of rental of the property to defendant at $57.50, for month beginning 19 January, 1920, said contract containing, among others, the following provision: "The party of the first part hereby reserves the right to raise the rent at any time, and it is further agreed that if any part of the rent hereinbefore mentioned shall not be paid at the time agreed upon, although no demand shall have been made for same, the parties of the second part hereby contract and agree that this agreement shall serve as notice to vacate the premises within three days of such failure. *Page 106 
Defendants occupied under said lease, paying the stipulated rent till 9 June, 1920, when plaintiff caused to be served on defendants a written notice to the effect that if defendants should hold over "for one day after 18 June they would be held legally responsible for rent at $150 per month. Defendant alleged and offered evidence tending to show that subsequent to the written lease above referred to, plaintiff and defendant had mutually entered into a further agreement to the effect that if defendant should put certain specified improvements on the premises, amounting to near $2,000, and which had been done, defendants would be allowed to keep the premises for at least one year, and that the rental should at no time be raised higher than $75 per month. The witnesses all testified that a fair monthly rental for the property would not exceed $60.
The jury rendered the following verdict:
"1. Is plaintiff entitled to recover possession of the store buildings described in plaintiff's affidavit? Answer: `Yes.'
"2. In what amount is defendant indebted to plaintiff for rent of said building? Answer: `$111.662/3 per month.'"
His Honor having ruled, and so instructed the jury, on (101) the second issue that if first issue was answered for plaintiff, she was entitled to recover a fair monthly rental for the property.
On the rendition of verdict, and motion by defendant to set same aside, the court, as against the weight of the evidence, intimated that he would set aside the entire verdict as against the weight of the evidence unless the plaintiff would consent to reduce the amount of the verdict to $60 per month. Thereupon, in open court, plaintiff's attorney consented, without being authorized to do so by his client, that the monthly value of the building, as found by the second issue, be reduced from $111.662/3 to $60, and judgment was thereupon entered for $60 per month for the time building was occupied after notice, etc., said judgment reciting that plaintiff consented to same.
Defendant insisted on his position and excepted and appealed from judgment as rendered, but same was not perfected. Plaintiff did not appeal, and made no motion in the case at November or at the January term of the court, but at April Term, 1921, before his Honor, Lyon, J., presiding, moved to set aside the judgment on the ground that the attorney acted without authority and contrary to their express instructions in consenting to a reduction of the verdict. On affidavits submitted, the court finds that said consent was given without authority; that but for said consent the judge presiding would have set aside the entire verdict. The court, on his *Page 107 
findings, adjudged that the former judgment of Judge Devin be set aside, but being of opinion that he was without authority to disturb the verdict of $111.66 2/3, this being at a term subsequent to term when same was rendered, entered judgment for plaintiff for the amount of the original verdict, and both plaintiff and defendants appealed.
DEFENDANT'S APPEAL.
After stating the case: It is very generally understood, uniformly so far as examined, that an attorney at law, by virtue of his employment as such in a given case, has the control and management of a suit in all matters of procedure, and in the absence of fraud and collusion can make such stipulations and agreements as may commend themselves to his judgment in so far as they may affect the remedy he is endeavoring to pursue.Chemical Co. v. Bass, 175 N.C. 426; Gardiner v. May, 172 N.C. 192;Harrill v. R. R., 144 N.C. 542; Westhall v. Hoyle, 141 N.C. 338; Hairstonv. Garwood, 123 N.C. 345; Henry v. Hilliard, etc., 120 N.C. 479; 2d R. C. L., title, Attorneys, sec. 63.
Under the principles stated it is held in many decisions on the subject that an attorney may consent to a judgment (102) against his client, and the same will be considered as binding, although no actual authority is shown. Under ordinary conditions, an implied authority is presumed from his office and employment.Harrill's case, supra; Stump Sons v. Long, 84 N.C. 616, and see numerous authorities to this effect in editorial note toTobler v. Nevitt, 45 Colo. 231, appearing in 132 American State, at p. 162.
It is also fully recognized that an attorney, by virtue of his office and ordinary employment in a case, has no implied power to compromise his client's cause of action, or to enter into stipulations or agreements which sensibly impair such client's substantial rights and interests presented and involved in the litigation. Moye v. Cogdell, 69 N.C. 93; Gibson v.Nelson, 111 Minn. 183, and see concurring opinion of Walker, J., inChemical Co. v. Bass, 175 N.C. 426, the same containing a helpful discussion and full citation of cases on the subject.
Though it is sometimes said that the weight of judicial opinion is in favor of upholding consent judgments entered under the implied powers of an employed attorney, some of the decisions referred to have been subjected to adverse comment by intelligent writers as *Page 108 
trenching upon the second position stated, that an attorney may not, without express authority, enter into a compromise of the cause of action committed to him, and the sensible impairment of his client's rights thereunder. See editorial note to Clark v. Randal, 9 Wisconsin 135, appearing in 76 American Decisions 252-259, and 2d R.C.L., title, Attorneys at Law, sec. 91.
And in this jurisdiction it has been expressly held that where a judgment has been taken by consent of the attorney, and it appears of record that such consent is pursuant to a compromise which sensibly impairs the client's substantial rights and on motion made in apt time, it is established that the consent and compromise is without express authority from the client, and even contrary to his instructions, such judgment will be set aside. And the same position should obtain where, though not appearing of record, it is shown on motion and proper proof that such a judgment has been entered and the impeaching facts were known to the opposing litigant or the attendant circumstances were such that knowledge should be imputed. Bank v. McEwen, 160 N.C. 414, and cases cited.
Under these decisions, and others of like kind, and by courts of approved ability and learning, his Honor clearly had the right to deal with the questions presented in the motion, it appearing that the agreement and consent judgment entered into by way of compromise and adjustment was not only without authority, but contrary to the express instructions of the client, and that by (103) such judgment plaintiff was precluded from insisting on her claim for $150 monthly rental, and also deprived of the $111.662/3 monthly rental which had been awarded her by the jury. And this case of Bank v. McEwen is authority for the position also that when the facts call for the application of the principle, its effect and operation is not prevented because the course has been taken with the sanction and approval of the court. This by no means intimates that his Honor would have permitted or signed the judgment entered had the lack of authority been made known. That was only made to appear at the later hearing, and we deem it not improper here to note also that no blame is laid by any one on the attorney who, always faithful to his client's interest, did the duty that he thought was required of him under the circumstances presented.
While we thus uphold the power of the court to take cognizance of the questions presented in the motion, we are of opinion that his Honor should have gone further and set aside the entire verdict as the only lawful adjustment of the rights of the parties in the premises. It is an equitable principle, very generally recognized, that in a given transaction a man may not assume and maintain inconsistent *Page 109 
positions to the prejudice of another's rights. And the principle so stated is usually allowed to prevail either in court proceedings or in transactions between individuals. Ingram v. Power Co., 181 N.C. 359-411;Maxton Auto Co. v. Rudd, 176 N.C. 497; Lipsitz v. Smith, 178 N.C. 98-100;Brown v. Chemical Co., 165 N.C. 421; R. R. v. McCarthy, 96 U.S. 258.
In the case of Maxton Auto Co. v. Rudd, supra, it is said that "the position is properly referred to the doctrine of estoppel in pais, which rests in its last analysis on the principles of fraud." From the facts presented in the record, it appears that plaintiff on the first issue had established the right to eject defendant, and on the second had recovered $111.66 2/3 monthly rental for a wrongful detention. The judge from the bench gave intimation that unless the plaintiff agreed to a reduction of the amount awarded on the second issue he would set aside the entire verdict, and the Court, on the present hearing, finds as a fact that his Honor would have done so. Acting on this, the counsel, in good faith, believing he was within his authority, consented to the reduction, and plaintiff thereby succeeded in maintaining her recovery on the first issue. We have held that the agreement, being in the nature of the compromise and contrary to the client's instructions, could be set aside at plaintiff's demand, but when she repudiates the benefits she must surrender the advantages that arose to her from the action of her attorney, and under a proper application of the authorities cited and the principles they approve and illustrate, his Honor should have set aside the entire verdict, thus giving the parties opportunity to relitigate the issues. This was the course pursued in Bank v. McEwen,supra, a case that is decisive of the principal questions (104) presented on defendant's appeal.
In making this disposition of defendant's appeal we are not unmindful of C.S. 591, which requires that a motion to set aside a verdict may be made before the judge who tried the cause, and only at the trial term. That statute, however, refers to motions made in the ordinary course and practice of the court, and does not and is not intended to impair or interfere with equitable principles controlling the conduct of the litigant in the subsequent course of a proceeding. As a matter of fact, the trial judge had decided to set aside the entire verdict, and at the trial term, and was only prevented from doing so by reason of the agreement which plaintiff has repudiated, and this being true, she is estopped from resisting the entry of such judgment nunc pro tunc.
On defendant's appeal the judgment will be modified to accord *Page 110 
with this opinion, and the costs of said appeal will be divided between the parties.
Modified.
PLAINTIFF'S APPEAL.