GRACE RUSSELL HOPKINS, ADMINISTRATRIX, *v.* EASTON NATIONAL BANK
[No. 27, October Term, 1936.]

*Decided November 20th, 1936.*

The cause was argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, and JOHNSON, JJ.

*Edward T. Miller,* for the appellant.

*Oliver S. Mullikin,* for the appellee.

PARKE, J., delivered the opinion of the Court.

A certain William Hermon Hopkins died intestate on September 19th, 1934, and letters of administration were granted to his surviving widow, Grace Russell Hopkins, on October 23rd, 1934. At the time of his death there was on deposit in the Easton National Bank the sum of $5,229.44 to the credit of William Hermon Hopkins, agent. The administratrix has made demand upon the depositary for the payment of this amount to her in the representative capacity, and the Isla Corporation, a body corporate, has given notice that the intestate had the cusody of the money as its agent. The bank thereupon filed its bill of complaint, which alleged the recited facts and further that, while it was ready to pay the amount to the true owner, it could not decide between the conflicting claims, nor safely make any payment until the ownership of the fund was settled authoritatively by a court of competent jurisdiction. The bank, also, averred its desire and tendered itself willing to pay the amount into court to await a judicial settlement of the controversy. The bill of complaint was verified, and the affidavit contained the further statement that the bill of complaint was not collusive. The two claimants were made parties defendant, and the relief prayed was that they might be required to interplead and be restrained, pending the litigation, from prosecuting or commencing any action

at law in respect of the subject matter, and for general relief. The defendants to the bill of interpleader were summoned. The administratrix answered and denied the corporation was entitled to any part of the fund, but stated that the account was originally so opened by the intestate as the agent of Dr. John Jay Russell, his father-in-law, and that subsequently the money of the intestate was deposited to his account, so that the fund now is the commingled private funds of the intestate and of his father-in-law, who has requested the respondent, who is his daughter, to act as his agent, as did her husband with reference to that portion of the deposit which is the property of the said Russell.

After replying to the allegations of the bill of complaint, the administratrix claimed the benefit of her answer as if she had specially demurred to the bill. On March 16th, 1936, the corporation defendant not having appeared nor answered, the matter was submitted, and the court decreed that the defendants interplead and made the corporation the plaintiff and the administratrix the defendant. The chancellor further decreed that the plaintiff be at liberty to retain the costs as should be taxed by the clerk, and the sum of seventy-five dollars as a fee to its solicitor for his services, and that the residue of the deposit, with any accrued interest, should be paid into court. The decree concluded with a stay of all further proceedings in the cause between the plaintiff and the defendants, and that, on the payment of the fund into court, an injunction issue to restrain the defendants from the prosecution of any suit or action against the plaintiff in reference to the fund involved.

The chancellor rightly ignored the attempt of the administratrix to demur. In addition to being defective in form, rule 18 of the General Equity Rules was not complied with, as there was no affidavit that the purporting demurrer was not intended for delay. Code, art. 16, sec. 173. Furthermore, the decree recites that the cause was submitted for decree, and so, there being no ruling on the demurrer, no question as to the legal sufficiency

of the bill of complaint arises on this appeal. If the answer could be treated as a demurrer, the bill of complaint gratifies the requirements of good pleading. *Home Life Ins. Co. v. Caulk,* 86 Md. 385, 38 A. 901; *Ammendale Normal Institute v. Anderson,* 71 Md. 128, 17 A. 1030.

At the time the proceedings were submitted to the chancellor, both defendants had been summoned, but one had neither appeared nor answered. On the failure of a defendant to appear, the party is in contempt, and the allegations of the bill may be taken as true against him. *Rust v. Lynch,* 54 Md. 636. On the pleadings, and the tacit admission by the defendant in default of the truth of the allegations of the bill of complaint as they are averred, the defendant who has answered and the defendant who has failed to answer both claim the fund in dispute, and no further proof of the fact was necessary to entitle the plaintiff to an interlocutory degree. *Hodges v. Smith,* 1 Cox. Eq. Cas. 357, 29 Eng. Rep. 1202; *Farebrother v. Prattent,* 5 Price, 303, 146 Engr. Repr. 615, 616; *Halsbury's Laws of England* (2nd Ed.) vol. 18, p. 620, note (c); *Buckingham v. Peddicord,* 2 Bland, 447, 458; *Dennison v. Wantz,* 61 Md. 143, 144; *Richards v. Salter,* 6 Johns. Ch. (N. Y.) 445; *Carey's Forms,* p. 548.

So, the chancellor rightly proceeded, and entered the above-mentioned decree of interpleader. Since the decree was interlocutory, section 167 of article 16 of the Code preserved to the defendant corporation the right to appear at any time before final decree, and file its answer to the bill and present its defense. *Heald v. Rhind,* 86 Md. 320, 322-324, 38 A. 43.

A few days after the passage of the decree, the plaintiff paid into court $5,135.14, the fund in dispute, less the costs and counsel fee to the solicitor for the plaintiff. On April 1st, 1936, the administratrix took an appeal from the decree passed by the chancellor. About ten weeks later the Isla Corporation, which has not appealed, filed an answer, which cannot be considered in connection

with the question raised, because it is a pleading subsequent to the appeal.

There being no question as to the legal sufficiency of the allegations of the bill of complaint, the inquiry is narrowed to the propriety of the decree from which the appeal is taken. The appellee, however, has filed a motion to dismiss the appeal on the ground that the decree is interlocutory, and an appeal does not lie. So, the first inquiry is whether the decree is final or interlocutory. There is no doubt that the decree is generally accepted as an interlocutory one. The plaintiff has no interest in the issue, and cannot be affected by the final decree passed in the cause. The jurisdiction is based upon a conflict between two or more persons severally claiming the same property through separate and different interests, with the plaintiff as an indifferent stakeholder in reference to the claimants, but concerned because he is unable to ascertain with security for himself which of the claimants is entitled. So, a decree bringing the claimants into court in order that their several claims may be asserted, and the court may adjudge to whom the same debt, duty, or other thing belongs, is fundamentally an interlocutory decree. Such a decree is intermediate in nature. It settles the rights of none of the parties, and, before the passage of a final decree, it is subject to revision, alteration, and rescission; and it remains throughout a preliminary procedure to the final decree, and so does not require a bill of review for its vacation, amendment, or rescission. *Miller's Equity Proc.*, secs. 722-724; *Story's Equity Juris.* (14th Ed.) sec. 1117; *Story's Equity Pleading*, sec. 291; *Pomeroy's Equity Juris.* (3rd Ed.) secs. 1320-1328; 2 *Daniell's Chancery Pl. & Pr.,* (6th Ed.) *1560-1571; *Barth v. Rosenfeld,* 36 Md. 604, 616; *Owings v. Rhodes,* 65 Md. 408, 413, 9 A. 903; *Heald v. Rhind,* 86 Md. 320, 322-324, 38 A. 43.

It follows the decree passed was not final but interlocutory, and from it no appeal lies. On the remand the decree may be amended to embrace Dr. John Jay Russell. if he should claim an interest in the fund.

If it be suggested that the decree was final to the extent of the payment of the costs and the fee of plaintiff's solicitor, the answer is that this provision is not final, since the decree is subject to revision and alteration in this respect. The costs and fee abide their ultimate disposition on the final decree, and are generally paid by the defendant who has made the litigation necessary. *Supra;* 33 *C. J.* secs. 65-67, pp. 469-471; *Miller's Equity Proc.* sec. 568, note 3.

The answer of the Isla Corporation was filed after the appeal was taken, and should not have been incorporated in the record. The cost of its improper insertion must be borne by the appellee, as it is responsible for the insertion.

> *Appeal dismissed, with costs to be paid by the appellant, except that the expense of including in the record the answer of the Isla Corporation shall be taxed and paid by the Easton National Bank. The cause is hereby remanded for further proceedings.*