## BENNETT v. SMEAD.

### No. 6122.

Court of Civil Appeals of Texas. Texarkana.

May 4, 1944.

Simon, Wynn, Sanders & Jones, of Fort Worth, for appellant.

H. P. Smead, of Longview, for appellee, pro se.

HARVEY, Justice.

H. P. Smead, an attorney of Gregg County, Texas, filed this interpleader suit in the district court of Gregg County against Fred W. Bowen, a resident of Gregg County, and Frank W. Bennett, J. Cleo Thompson, and Lanham Croley, all of whom reside in Dallas County, Texas. The plaintiff Smead alleged in his petition that he and the defendant Thompson were payees named in a cashier's check in the sum of Eight Thousand Seven Hundred Thirty-eight and 50/100 ($8,738.50) Dollars, issued by the Republic National Bank of Dallas, pursuant to an agreement between the defendants Bowen and Bennett that such payees were to hold the check pending further instructions as outlined in a letter addressed to the payees and signed by the said defendants Bowen and Bennett. The petition further alleged that the check was in the possession of one Lanham Croley, of Dallas County; that demand had been made upon the payees by Bowen for endorsement of the check and payment of the funds; that Smead did not know to whom the money was due, but he was ready and willing to endorse the check and deliver the funds to such party or parties that the court should determine they should be paid.

The defendant, Frank W. Bennett, filed his plea of privilege to be sued in Dallas County, the place of his residence, which plea was controverted by the plaintiff. From a judgment overruling the plea of privilege on December 27, 1943, the defendant Bennett duly perfected an appeal which is now before this court for determination.

Appellant contends that the trial court erred in overruling the plea of privilege because appellee (plaintiff) did not allege nor prove possession of the check or fund on account of which he sought to implead Fred W. Bowen and Frank W. Bennett, and because he did not tender nor offer to tender such check or fund into court, which was necessary as a condition precedent to the right to relief by a bill of interpleader.

The authorities are quite numerous to the effect that one who seeks relief through the filing of a bill of interpleader

must be in possession of the property or money claimed by two or more parties. We find the rule stated in 33 C.J. 426, Section 9, as follows: "A bill of interpleader can be filed only by one in possession or control of the fund or thing in dispute" (citing decisions). Martin v. Maberry, 16 N.C. 169, gives the reason for such requirement that the one filing the bill of interpleader be in possession of the property involved: "In such bills the equity of the plaintiff is to be indemnified in the delivery of property, of which he is in possession, and to which he claims no right. The plaintiff not having the possession, is unable to do the only act for which an indemnity is given." The court in the case of Mallory Steamship Co. v. Thalheim et al., 2 Cir., 277 F. 196, 202, says: "It is elementary that the bill cannot be maintained by one who is not in possession of the property or fund in dispute." From 25 Tex.Jur. 58, we quote the following:

"Concurrent with the filing of a bill of interpleader, and as a condition precedent to the right to relief thereunder, the plaintiff must bring or tender into the registry of the court the fund or other property which constitutes the subject matter of the controversy. The tender, in order to be valid, must be unconditional, and must conform to the amount named in the petition."

■ It is undisputed in this case that the cashier's check has never been delivered to the plaintiff, nor to the other payee named therein, J. Cleo Thompson, but was in possession of Lanham Croley, a party defendant. The funds represented by the check are in the Republic National Bank of Dallas. It is also disclosed by the record that the letter, dated August 19, 1943, addressed to Smead and Thompson, with which it was intended to enclose the cashier's check to such addressees was changed by Bennett after it had been signed by Bowen, Bennett having stricken out the second paragraph. Bowen testified that this alteration of the letter by Bennett was the reason the check was never delivered to the payees therein. Neither the plaintiff nor the other payee named in the check, Thompson, ever having had possession of such check, nor being in position to tender it into court, as reflected by the pleadings and the evidence, an essential requirement as a basis for maintaining a bill of interpleader is lacking. Too, for this reason we do not think a cause of action

is stated in the petition against Bowen, a resident of Gregg County, so as to establish venue over Bennett, admittedly a resident of Dallas County. Upon the basis of the pleadings, as well as the undisputed evidence, it appears that the escrow agreement was never completed; that the check was not delivered to the payees; and that therefore the plaintiff was not in position to ask for relief through the filing of a bill of interpleader. Bowen, the only one who has demanded of the payee, Smead, an endorsement and delivery of the check, testified that the check was not delivered to Smead and Thompson because Bennett "didn't comply with the verbal understanding that caused the letter to be written. He changed the picture." Under these circumstances, we fail to see in what respect the petitioner, Smead, is liable to suffer injury, the probability of which was an essential element in order to entitle him to the equitable relief sought.

■ Appellee by counter-point asserts that the defendant, Lanham Croley, had tendered the cashier's check in question into the registry of the trial court, by proper answer thus rendering it immaterial that plaintiff was neither in actual physical possession of the check, nor of the funds represented by it. Neither the transcript nor the statement of facts contains a copy of an answer by Croley. The only reference to it is by plaintiff Smead, who, while testifying, in answer to a question asked him replied as follows: "Lanham has filed an answer here, which I expect to file, and he says—if you will permit me—he says this defendant would show that he has no interest in the subject matter of this suit, and that he is ready, willing and able to deliver the check to whomsoever this court may decree." We deem this evidence insufficient to show that the check was in the custody of the court and therefore we pretermit a discussion of any legal effect that a proper tender of it into court by the defendant Croley might have had in the disposition by this court of the plea of privilege filed by Bennett.

We are of the opinion that the plea of privilege of the defendant, Frank W. Bennett, should have been sustained, and the action of the trial court in overruling it is reversed and judgment rendered in favor of such defendant, with instructions to the district court of Gregg County that the cause of action as to the said Bennett be transferred to the district court of Dallas County, Texas.