*Eun O. Kim, et al., v. Parcel K-Tudor Hall Farm, LLC*, No. 2483, September Term, 2023. Opinion by Nazarian, J.

**INTERPLEADER – FINALITY OF JUDGMENT**

Interpleader does not become a final judgment until the circuit court has resolved the last claimant's claim to the property or funds at stake.

Circuit Court for St. Mary's County
Case No. C-18-CV-22-000196

REPORTED

IN THE APPELLATE COURT

OF MARYLAND

No. 2483

September Term, 2023

_____

EUN O. KIM, *ET AL.*,

v.

PARCEL K-TUDOR HALL FARM, LLC

_____

Nazarian,
Reed,
Wright, Alexander, Jr.
   (Senior Judge, Specially Assigned),

JJ.

_____

Opinion by Nazarian, J.

_____

Filed: March 5, 2026

* Judge Rosalyn Tang did not participate in the
decision to report this opinion pursuant to Md.
Rule 8-605.1.

Pursuant to the Maryland Uniform Electronic Legal
Materials Act (§§ 10-1601 et seq. of the State
Government Article) this document is authentic.



Gregory Hilton, Clerk

Eun O. Kim, an investor, and a group of his fellow investors seek to appeal from an order of interpleader of the Circuit Court for St. Mary's County entered on January 31, 2024. Unfortunately, they can't, because the judgment is not yet final. Interpleader happens in two steps: *first*, the court orders the property at stake be given over to the court's registry, and *second*, the claimants to the property litigate their claims. Until that second step is complete, an interpleader case is not final and any appeal is premature. That is the case here. The order appealed from is not a final judgment, this appeal is premature, and we dismiss it.

## I.     BACKGROUND

Although the underlying disputes have begotten numerous proceedings and appeals in a variety of courts, only a narrow slice of that history is relevant to this appeal.

Parcel K-Tudor Hall Farm, LLC ("PKTHF") filed an initial complaint against the investors in the circuit court on June 17, 2022. It ultimately superseded that complaint with a Third Amended Complaint on August 7, 2023. In the operative complaint, PKTHF included two counts: one for declaratory judgment and another for interpleader. PKTHF owned a piece of land, called Parcel K. The investors held a Subordinated Deed of Trust on Parcel K (the "Deed"), that PKTHF wanted released. Due to a long and colorful history between the parties regarding that particular parcel, PKTHF was unclear how much, to whom, and in what proportion it had to pay to get the lien released. It sought, then, to exercise its right of redemption through an interpleader action.

PKTHF asked the circuit court to declare the parties' rights and obligations under the Deed, including how much PKTHF owed; to order that interpleader was an appropriate

remedy; to order PKTHF to pay the correct amount into the court's registry; to interplead the Deed holders; and then to release the Deed from Parcel K. After motions and hearings, the circuit court entered an Order and Opinion of the Court on January 31, 2024 that ordered the interim relief PKTHF sought.

Mr. Kim and the other investors noted an appeal from that order within thirty days. In the meantime, some of the claimants started filing new pleadings to assert their claims to the funds paid by PKTHF. In response, the circuit court ordered all further proceedings stayed and open filings held in abeyance pending resolution of this appeal. The claimants' claims to that money remain unresolved.

## II.      DISCUSSION

The parties seek to raise a host of questions in their briefs. Unfortunately, none of those questions is before us properly because the decision appealed from isn't a final judgment.

The right to appeal arises by statute. *Mayor & City Council of Balt. v. ProVen Mgmt., Inc.*, 472 Md. 642, 665 (2021) (in most cases, "appellate jurisdiction is 'determined entirely by statute,' and therefore, a right of appeal only exists to the extent it has been 'legislatively granted'" (quoting *Gisriel v. Ocean City Bd. of Supervisors of Elections*, 345 Md. 477, 485 (1997))). In general, a party can appeal only from a final judgment, save for certain narrow exceptions. Md. Code (1974, 2020 Repl. Vol.), § 12-301 of the Courts & Judicial Proceedings Article. A final judgment is one that "disposes of all claims against all parties," *Silbersack v. ACandS, Inc.*, 402 Md. 673, 678 (2008), and if even one claim from one party against another remains unresolved, the judgment isn't final and an appeal

2

is premature. *See id*. (*citing* Md. Rule 2-602(a)).

**A.** **The Interpleader here is not Final until the Claimants' Claims on the Funds are all Resolved.**

Interpleader is an ancient procedure to resolve disputes over the ownership of assets. But an interpleader is not final until all the claimants' claims to the asset against each other are resolved, and that's the status of the interpleader in this appeal.

When a party holds property that they're sure they don't own but don't quite know to whom it belongs, and in what proportion, they can file for interpleader. *See generally* Md. Rule 2-221. As the original plaintiff, they file suit against everyone they believe might have a claim to the property and the suit brings everyone to court to resolve it. Md. Rule 2-221(a), (b)(3).

This interpleader process occurs in two stages. In the *first* stage, the original plaintiff files the suit against the adverse claimants, as defendants. Md. Rule 2-221(a). The court evaluates the filing and any responses from the claimants and determines whether interpleader is appropriate. *See* Md. Rule 2-221(b). If the court finds that interpleader is appropriate, it can order the original plaintiff to deposit the property or its value with the court, which the court holds onto until the end of the case. Md. Rule 2-221(b)(3). From there, the court may discharge the original plaintiff from further liability for the property and, among the interpleading claimants, designate "one or more of them as plaintiffs and one or more of them as defendants." Md. Rule 2-221(b)(2), (6).

In the *second* stage, the designated plaintiff must file a complaint against the designated defendants. Md. Rule 2-221(d). The parties then litigate over who has a right to

the property, and in what proportion. *Id.*

It has long been established in Maryland, even if not discussed recently, that interpleader does not become a final judgment until the last claimant's claim to the property or funds is resolved and step two is complete. *See Hopkins v. Easton Nat. Bank of Maryland*, 171 Md. 130, 135 (1936); *see also* 44B Am. Jur. 2d *Interpleader* § 81, Westlaw (database updated Nov. 2025) (" . . . orders in interpleader actions that do not dispose of the rights and liabilities of all parties to the litigation are not final and, hence, not appealable . . . . Indeed, an order holding that interpleader is a viable remedy and dismissing the stakeholder is not directly appealable . . . . [Plus,] a particular claim [to the property] is generally not appealable until all claims to the fund have been adjudicated."). This principle flows directly from a straightforward application of the final judgment rule: until all the claims to the property are resolved in full, at least one claim from one party against another remains in the case. *Cf.* Md. Rule 2-602(a) (except for narrow exceptions, "an order or other form of decision, however designated, that adjudicates fewer than all of the claims in an action . . . or that adjudicates the rights and liabilities of fewer than all the parties to the action" is not a final judgment, doesn't terminate the action, and is still subject to revision).

In this case, Mr. Kim and the group of investors seek to appeal from the first stage of the proceedings, the order of interpleader dated January 31, 2024.[1] But the claimants

---

[1] For what it's worth, the circuit court never entered a separate "Declaratory Judgment" writing while resolving the declaratory judgment count of the Third Amended Complaint,

Continued . . .

haven't yet had a chance to resolve their claims to the funds. Their claims against each other are still alive in the circuit court and their pleadings are currently held in abeyance pending the resolution of this (premature) appeal. The next step is for us to dismiss the appeal and allow the circuit court to resume step two of the interpleader. Any challenges the parties have to this interpleader process, either at step one or two, can be raised once the judgment is final. We express no views on the merits of any of the issues raised in the parties' briefs.

**APPEAL DISMISSED. APPELLANTS TO PAY COSTS.**

---

as is required. *See, e.g., Union United Methodist Church, Inc. v. Burton*, 404 Md. 542, 549–50 (2008).

5