##### IN THE

# COURT OF APPEALS

##### OF

# MARYLAND.

---

JUNE TERM, 1844.

### RICHARD W. ISAAC AND WIFE'S LESSEE *vs.* CALEB CLARKE.
### *June,* 1844.

Where it appeared that the defendant, in an action of ejectment, had conveyed his lands to R, who had died intestate, and that one of the jurors empannelled to try the cause was his brother and heir-at-law, the fact of the conveyance being unknown to the plaintiff when the jury was sworn, the court will permit the juror to execute a deed of re-conveyance and release to the defendant, for the purpose of restoring his competency.

A sale of land made by a sheriff, under execution, to his own agent, is not necessarily void at law. It is voidable for fraud in fact.

The jury alone is the proper tribunal to pronounce on the fact of fraud; and the circumstance that the purchaser is an agent of the sheriff will be regarded with much suspicion.

A plaintiff in ejectment cannot offer in evidence a record of the proceedings upon the bill of the defendant in Chancery against him, which bill had been dismissed for want of due prosecution upon the motion of the plaintiff, for the purpose of precluding the defendant from questioning the plaintiff's title at law, though the object of the bill was to vacate such title.

A bill dismissed under a rule for further proceedings, does not preclude the complainant from using any defence at law which he might otherwise have used.

The general rule is that a party consenting to hold as lessee, cannot afterwards deny the title of his acknowledged landlord.

1      v.2

There are exceptions to this rule; but they do not rest on the fact that the acknowledgment was made by the tenant subsequent to his coming into possession, or that he originally had possession under another title.

The circumstances of deception, mistake, or other grounds, which exempt a tenant from the influence of the rule, apply as well to the case of admissions after his possession commenced, as before.

Where a party is in possession, and enters into an agreement with another claiming the land, to become his tenant, he is within the general rule, which forbids the tenant from questioning the landlord's title. A relation thus created does not, *per se*, constitute one of the exceptions to that rule.

The court cannot say that a description in a deed for land is too vague, and the deed void for uncertainty, when the vagueness and uncertainty are not obvious from an inspection of the instrument.

A deed capable of a certain location is sufficiently certain in the description to pass title.

APPEAL from *Prince George's* County Court.

This was an action of ejectment, commenced on the 25th March, 1835, to recover all those tracts of land called "*Burgess' Delight*," "*Clarke's Fancy*," and "*Hickory Thicket*." The date of the demise was 1st January, 1835. The tenant appeared, pleaded not guilty, and took defence on warrant.

1ST EXCEPTION. During the trial of this cause, after the jury were empanneled, and before the case was argued to the jury, and before the several bills of exceptions taken in this case were signed by the court, it was discovered for the first time by the plaintiff's counsel, that the defendant, *Caleb Clarke*, had conveyed the lands in controversy to a certain *Richard Peach*, by deed bearing date the 13th November, 1829, and which is in the following words, to wit, &c.

And it was then proved that *Richard Peach* was dead and intestate, and that one of the jurors, to wit, *Samuel Peach*, was his brother and heir-at-law, and as such had an interest in the result of the suit, and it was contended by the plaintiff's counsel that the said *Samuel Peach* was on that account an incompetent juror to try this cause, and thereupon the plaintiff, by his counsel, having first satisfied the court that said deed to *Richard Peach* was unknown to them or the plaintiff when the said *Samuel* was sworn as a juror, prayed the court to withdraw the said juror, and to have a new jury empanneled to

OF MARYLAND. 3

Isaac and wife's lessee vs. Clarke.—1844.

try the said cause, but the court refused said application, and permitted the said *Samuel* to execute a deed of re-conveyance and release of said lands to *Caleb Clarke*, for the purpose of restoring his competency as a juror, in open court, as follows, viz: &c.

And directed the trial of the said cause to proceed before the said jury thus empanneled; to which opinion of the court (STEPHEN, C. J. and DORSEY, C. J.) and their refusal to permit said juror to be withdrawn, the plaintiff excepted.

2ND EXCEPTION. At the trial of this cause, the plaintiff to maintain the issue joined on his part, offered in evidence to the jury the locations and explanations made by him upon the plats, and then read in evidence the patents of *Burgess' Delight* and *Hickory Thicket*, and proved that said tracts are properly located upon the plats, and that all those parts of said tracts which are included in the lines drawn upon the plats shaded yellow, were regularly conveyed by divers mesne conveyances to one *Walter S. Clarke;* and then read in evidence the record of a judgment recovered by *William Holmes* against the said *Walter S. Clarke*, at April term, 1814, of this court, and the record of a *fiat* on a *scire facias* on the said judgment of April term 1814, and also a transcript of the record of the Court of Appeals, which is as follows, to wit, &c.

This was the record of a *fieri facias* issued upon a judgment recovered by *William Holmes* against *Walter S. Clarke*, at April term, 1814, revived in 1821. The execution bore date the 5th December, 1822, and was followed by various writs of *venditioni exponas*, and return of a sale on the 17th June, 1826, to *Francis Belmear*, of a defined parcel of the lands mentioned in the declaration in this cause, and of a writ of *habere facias possessionem* awarded to said *F. B.*, which was affirmed upon appeal.

And it was admitted by the parties that the aforesaid judgments, rendered in *Prince George's* county court, in favor of said *Holmes*, are correctly recited in the writs of executions contained in the said transcript of the record from the Court of Appeals, and then read in evidence the following deed from

the sheriff who made the sale recited in the said transcript to the said *Belmear*, who is therein returned as the purchaser of the property, which deed is as follows, to wit, &c. This deed comprised the land returned as sold.

And then offered and read in evidence a deed from said *Francis Belmear*, the purchaser of said property, to *Eliza Isaac*, one of the lessors of the plaintiff, and the wife of *Richard W. Isaac*, the other lessor, and proved the correctness of the location of said title papers, as made upon the plats by the plaintiff.

The defendant then to maintain the issue on his part, read to the jury a mortgage deed from the said *Walter S. Clarke* to the defendant and one *John Perkins*, dated 14th August, 1820, conveying the said lands. Also a deed from *Joshua T. Clarke* to the defendant, of the said lands, dated the 2nd October, 1827, and from *Philip Green* to *Joshua T. Clarke*, dated the 2nd March, 1812, and proved the correctness of the location of said deeds upon the plats. He further proved that *Walter S. Clarke*, the defendant in the said judgment, at suit of *William Holmes*, died intestate, sometime in the year 1828 or 1829, without issue, leaving a widow and the defendant his brother, and several other brothers and sisters his heirs at law. And the defendant then called several witnesses, by whom he proposed to prove, that at the sheriff's sale before mentioned, *R. W. Isaac*, one of the lessors of the plaintiff, officiated as the deputy of the high sheriff of the county, and as such sold the aforesaid lands to the said *Belmear*. And he further offered to prove various declarations and assertions made by the said *Belmear*, to the effect, that at the said sale, and in the purchase of said property, he the said *Belmear*, was buying said property for the said *Isaac*, and as his agent; and also offered evidence of similar declarations made by said *Isaac*.

And after the plaintiff had offered evidence, going to rebut the effect of the evidence thus offered by the defendant, the plaintiff by his counsel prayed the opinion of the court, and their instruction to the jury, that even though the jury might be of opinion, from the evidence, that the said *Belmear*, in

purchasing said land, acted as the agent of said *Isaac*, and bought for him, yet still in this court, such facts constitute no defence in the present action, and the remedy of the parties, for a sale under such circumstances, is only in a court of equity. But the court (C. DORSEY, A. J.) refused the prayer thus made by the plaintiff, being of opinion, and so directing the jury, that if they should find from the evidence, that *Belmear*, in making said purchase, acted as agent of said *Isaac*, and bought for him, and that the said *Clarke* is one of the heirs of said *Walter S. Clarke*, the sale is void, and is a good defence to the present action. To this refusal to give the instruction as prayed by the plaintiff, and to the instruction as given, the plaintiff excepted.

3RD EXCEPTION. After the evidence in the previous exceptions, which by agreement constitute parts of this excepception, the plaintiff further to maintain the issue joined upon his part, *offered to read to the jury* the following transcript of a record from the Court of Chancery, for the purpose of laying before the jury the statements contained in the bill and answers, and for the further purpose of showing that a court of competent jurisdiction had dismissed a bill filed by the present defendant against one of the present plaintiffs and *F. Belmear*, impeaching the validity of the sale relied upon by the plaintiffs in support of their title to the land for which the present action is brought, and that consequently the defendant cannot now question that title.

The object of the bill filed by *Caleb Clarke*, on the 12th April, 1827, against *Richard W. Isaac* and *Francis Belmear*, was to impeach the sale made by *Isaac*, under the writ of *venditioni exponas* mentioned in the bills of exceptions, and to restrain them by injunction, &c. The defendants answered the bill, and at July term, 1827, the complainant was laid under a rule to take further proceedings on or before the fourth day of the next term of the Court of Chancery, and at the following term the bill was dismissed by the Chancellor, under that rule, with costs to the defendant.

But the court upon the objection of the defendant's counsel refused to permit the answers in the said record to be read to the jury, and were of opinion that the dismissal of the bill in the record contained, in the manner in which the same was dismissed, did not prevent the complainant there, who is the defendant here, from contesting the validity of said sale. To which refusal to suffer the said record to be read to the jury for the purpose aforesaid, and to the opinion of the court so given, the plaintiff excepted.

4TH EXCEPTION. After the evidence contained in the preceding bills of exception, and which by agreement is made a part of this exception, the plaintiff further to maintain the issue joined on his part, proved to the jury that the mortgage from *W. S. Clarke* to the defendant and *John Perkins*, of the 14th of August, 1820, was given without consideration, and then proved that after the affirmance of the judgment of the Court of Appeals, at June term, 1829, the transcript of the record of which is set forth in the plaintiff's second exception, a writ of *habere facias possessionem* issued, returnable to the December term, 1829, of that court, which was returned "not executed." That another similar writ issued to June term, 1830, of that court, which was also returned "unexecuted." And thereafter, laying the proper foundation for that purpose, and for the purpose of proving that said *Walter S. Clarke* had, after the affirmance of the said judgment by the Court of Appeals, become the tenant of the said *Belmear*, offered to prove by a competent witness that some time in the year 1830, the said *Belmear* called upon the witness, and showed him a paper signed by the said *W. S. Clarke*, and dated, as he thinks, in 1830, in which the said *Clarke* acknowledged himself to be in possession of said land, as the tenant of said *Belmear*, and agreed to pay him a rent for the use of land; and thereupon the plaintiff prayed the court to instruct the jury, that if they find from the evidence that the deed of mortgage from *W. S. Clarke* to the defendant and *John Perkins*, of June, 1820, was given without consideration, that it passed no title to the mortgagees, and the title to the property therein mentioned, not-

withstanding such mortgage, remained in the mortgagor, *W. S. Clarke;* of which opinion the court was. And the plaintiff prayed the court to instruct the jury, if they further find that after the sale by the sheriff to *Francis Belmear*, and the payment of the purchase money by him, if they find such payment and sale were in fact made, the said *W. S. Clarke* acknowledged himself in writing to be the tenant of the said *Belmear*, and agreed to pay him rent for the said land, then neither the said *Clarke*, nor any one claiming under him by title subsequent to the sale to said *Belmear*, can dispute his title to said land. But the court was of opinion, and so instructed the jury, that if the jury shall find from the evidence, the said *Clarke* was in possession of the said land at the time when the said contract and agreement was alleged to have been entered into, and that he did not originally enter thereon as tenant to the said *Belmear*, that then such agreement does not prevent the defendant from contesting the title of the lessors of the plaintiff. To which refusal of the court to give the instruction as prayed by the plaintiff, and to the instruction as given by the court, the plaintiff excepted.

5TH EXCEPTION. After the evidence in the preceding exceptions, which by agreement is made a part of this exception, and when the plaintiff was about reading to the jury the following deed from *Joshua T. Clarke* to said *Walter S. Clarke*, of the 17th of September, 1813, which is as follows, to wit:

This indenture, made this 17th day of September, in the year of our Lord one thousand eight hundred and thirteen, between *Joshua T. Clarke*, of *Prince George's* county, and State of *Maryland*, of the one part, and *Walter S. Clarke*, of the county and State aforesaid, of the other part, witnesseth, that the said *Joshua T. Clarke*, &c., hath granted, &c., unto the said *Walter S. Clarke*, his, &c., part of a tract of land called *Burgess' Delight*, part of a tract of land called *Hickory Thicket*, and part of a tract of land called *Clarke's Fancy*, beginning at or near a stone near the main road that leads to the mill now occupied by *Jacob Wheeler*, thence a southerly course, so as to include the dwelling house lately occupied by *Philip*

*Green*, and the orchard contiguous thereto, bounding on the south with a line drawn easterly to *Patuxent* river, thence bounding on and with said river to the extent of the said land, on the north with the said land to the beginning, so as to include two hundred acres of land, more or less, on the east side of said southerly line from the beginning, together with all, &c.

The defendant, by his counsel, prayed the court to instruct the jury, that no title could be derived to the grantee-in the said deed, because *the description of the property therein contained was too vague, and that said deed was void for uncertainty;* and the court being of opinion that said deed is void for uncertainty, refused to suffer the plaintiff to read the same in support of his claim and pretensions. To which opinion and refusal of the court to suffer the said deed to be read, the plaintiff excepted.

6TH EXCEPTION. At the trial of this cause, and after the giving the evidence contained in the preceding bills of exceptions, and which is agreed to be incorporated and made a part of this exception, the plaintiff, by his counsel, upon said evidence, prayed the court to instruct the jury, that if they believed from the evidence that the mortgage from *Walter S. Clarke* to *Caleb Clarke* and *John Perkins,* was executed without any consideration being paid for the same, by the grantees therein, that then the said mortgage was fraudulent and void, as against the creditors of said *Walter S. Clarke,* and that if the jury further find from the evidence, that some time after the sale of said land to *Belmear,* under the judgment of *Holmes,* by the deputy sheriff of *Prince George's* county, if the jury further find from the evidence, that sometime after the sale of said land to *Belmear,* under the judgment of *Holmes,* by the deputy sheriff of *Prince George's* county, if the jury should find such sale to have been made, the said *Walter S. Clarke,* with a knowledge of the circumstances under which the sale was made, acknowledged himself in writing to be the tenant of said land of said *Belmear,* and agreed to pay him a rent for the same, that then said written agreement, if the jury finds the existence of the same as aforesaid, is evidence to the jury

that the said *Walter S. Clarke* acquiesced in the said sale, and the regularity or validity of the same cannot be impeached by any person claiming title to said land under said *Walter S. Clarke*, and who entered in possession under said title after the date of said written contract for rent. But the court refused to grant the said prayer and instruction to the jury ; from which refusal to grant said instruction to the jury, the plaintiffs excepted.

The verdict and judgment being against the plaintiffs, they prosecuted the present appeal.

The cause was argued before BUCHANAN, C. J., ARCHER, DORSEY, CHAMBERS and SPENCE, J.

By J. JOHNSON and T. S. ALEXANDER, for the Appellant.

Who cited on the question of restoring the jurors competency 6 *Wendel* 389, 3 *Chit. G. P.* 795, 3 *Harr. & McHenry*, 101.

On the question of sale by sheriff to his agent, 4 *Gill & J.* 376, 4 *Ran. Va. Rep.* 199.

On the relation of landlord and tenant, 1 *Cain. N. Y. Rep.* 444, 7 *John. Rep.* 186, 3 *John.* 223, 10 *John.* 301, 6 *Law Lib.* 293, *Comyn on L. & T.* 519, 7 *Term Rep.* 488, 10 *East* 350, 12 *John.* 427, 37 *E. C. L. Rep.* 93, 15 *Ib.* 267.

Effect of sale under judicial process as against the defendant, and those in under him. 3 *Cain.* 188, 1 *Wendel*, 418, 10 *John.* 224.

The statement of a fact by a judge in the progress of a cause will be taken as true, 6 *H. & J.* 407, 9 *G. & J.* 71.

Error in the description of land, 1 *G. & J.* 443.

Effect of dismissal of bill in chancery, 2 *H. & G.* 374.

By C. C. MAGRUDER and A. C. MAGRUDER, for Appellee.

In relation to the competency of the juror, cited 3 *Bac. Jury* 764, *Let. E.*, 21 *Viner Ab.*, 274 *Trials*, 8 *Barn. & Cres.*

The sheriff's sale to himself a nullity, void, *Story on Agen.* 30, 31, 198, 199, 2 *Camp.* 203, 5 *Barn. & Ald.* 333, 7 *E. C. L.* 120, 3 *John. Cas.* 29, 4 *Cowen* 717, 7 *John.* 252, 16 *John.* 197, 3 *Bacon* 605, 1 *J. C. R.* 140.

A defendant in ejectment may show fraud or collusion between sheriff and purchaser, and hence the plaintiff, purchaser, has no title. 4 *Harr. & McH.* 398, 5 *Har. & J.* 54, 7 *G. & J.* 494, 2 *Cow. Phil.* 62, 6 *Taun.* 202, 7 *Wendell* 401, 9 *E. C. L.* 294.

Deed void for uncertainty, 10 *G. & J.* 7.

Effect of bill dismissed, 11 *G. & J.* 173, 1 *Sto. Eq. Pl.* 610.

CHAMBERS, J., delivered the opinion of this court.

Under the peculiar circumstances of this case, the competency of the juror was restored by his conveyance of all his interest in the property in contest. In this opinion, however, the court is not unanimous. The *first* exception is therefore affirmed.

We think the instruction given in the *second* exception was erroneous. A sale made by a sheriff to his own agent is not necessarily void at law, but voidable for fraud in fact. The jury alone is the proper tribunal to pronounce upon the fact of fraud, and the circumstance that the purchaser is an agent of the sheriff will be properly regarded with much suspicion.

The opinion expressed in the *third* exception is entirely approved. Such a proceeding in Chancery as the appellant offered could not, upon any received principle, preclude the appellee from using any defence at law which could otherwise be urged.

We think the court below erred in the opinions contained in the *fourth* and *sixth* exceptions. The general rule is that a party consenting to hold as lessee cannot afterwards deny the title of his acknowledged landlord. There are exceptions to this rule; but they do not rest on the fact, that the acknowledgement was made by the tenant subsequent to his coming into possession, or that he originally had possession under another title. The circumstances of deception, mistake, or other grounds which exempt a tenant from the influence of the rule, apply as well to the case of admissions after his possession, as before.

We cannot concur with the County Court in the opinion given in the *fifth* exception. After an attentive consideration

of the deed, we cannot perceive on its face the obvious uncertainty and vagueness which must make it impossible to locate it. On the contrary, it appears to us, looking, as we must do, to the face of the deed, to be quite capable of a certain location, according to the metes and bounds expressed; and a deed capable of a certain location is, for that reason, sufficiently certain to pass the title.

Differing with the court below in the *second, fourth, fifth, sixth* exceptions, we must reverse the judgment, with costs to appellant, and issue procedendo.

JUDGMENT REVERSED AND PROCEDENDO AWARDED.

ARCHER and CHAMBERS, J., dissented on the first exception.