(Decided 28th June, 1878.)

---

CHRISTIAN EMERICK, Executor of WILLIAM HARPER *vs.* THE NEW YORK LIFE INSURANCE COMPANY.

*Question as to the right to file a bill of interpleader.*

The mere fact of a double claim is not in all cases and under all circumstances the test of the right to file a bill of interpleader.

Where a husband takes out a policy of insurance upon his life in favor of his wife, and afterwards upon his representations the company substitutes for that policy one payable to his legal representatives, the insurance company,

upon the death of the husband, has a right to require the wife and the executor of the husband to interplead.

APPEAL from the Circuit Court of Baltimore City.

The New York Life Insurance Company issued a policy of insurance upon the life of William Harper, payable to his wife. Afterwards, upon representations of William Harper, the Company substituted for that policy a new one bearing the same number and for the same amount, payable to his legal representatives. Upon the death of the husband the Company filed a bill of interpleader against the wife and the executor of the husband, asking that they might be required to interplead. The Court, (GILMOR, J.,) passed an order requiring the parties to interplead. From this order the executor appealed.

The cause was argued before BARTOL, C. J., STEWART, GRASON, MILLER, ALVEY and ROBINSON, J.

*John P. Poe,* for the the appellant.

*Edward Otis Hinkley* and *Benj. C. Barroll,* for the appellees.

ROBINSON, J., delivered the opinion of the Court.

The bill of interpleader alleges that a policy of insurance was issued by the complainant on the life of William Harper in favor of his wife, that it was afterwards changed and made payable to his legal representatives, and that the proceeds of this policy are now claimed by his executor and by Mrs. Harper, the widow. The complainant makes no claim to said proceeds, but is ready and willing to pay the same, but does not know to which of the claimants they ought to be paid, and the bill is therefore filed simply for its own protection.

The answer of Mrs. Harper states that on the 7th of June, 1851, the original policy No. 7097 was issued in her favor,—that in 1868, in fraud of her rights, her husband by means wholly unknown to her induced the Company to retire or otherwise dispose of the then existing policy, and to re-issue it in the favor of her husband, the re-issued policy bearing the same No 7097, and being in all respects, except as mentioned, a continuation and affirmation of the original policy, she admits the facts stated in the bill of interpleader, claims the funds in the hands of the Company, and prays that the opposing claimant may be required to interplead with her in the suit.

The executor of Harper in his answer avers there is nothing on the face of the policy to show or indicate that it was ever issued in favor of the wife, or to suggest it was issued as a renewal or substitution of a previous policy in her favor, calls for full proof, and says that the policy issued in 1868 and payable to Harper's legal representatives is a valid contract which the company has no right to repudiate or require him to interplead.

It is true that the mere fact of a double claim is not in all cases and under all circumstances the test of the right to file a bill of interpleader. The possession of the fund or property in dispute may be of such a character, as for instance, the relation of principal and agent; or one by his own conduct may put himself in such a position as to preclude his right to dispute the title of another, or parties may claim the same property under different titles not derived from the same common source. *Story's Equity*, 880 *and cases cited;* 3 *Daniel Ch. Pr.*, 1754; *Story's Equity Pleading*, 293.

The appellant may be right in saying that the *stakeholder* must show that it has not been by any erroneous or wrongful act of his own that the double or conflicting claims have arisen. *Cochrane vs. O'Brien*, 2 *Jones & La Tonche*, 380; *Cranshay vs. Thornton*, 2 *Mylne & Craig*,

592 ; *Desborough vs. Harris*, 31 *Eng. L. & Eq.*, 592 ; *Shaw vs. Coster*, 8 *Paige*, 339.

But the difficulty in the way of the appellant is the application of these principles to the case now before us. When it is argued that if the policy was re-issued in fraud of the rights of the wife, it was an erroneous and wrongful act, the plain answer is that it does not lie in the mouth of Harper or his executor to make this objection, because the re-issued policy shows upon its face that it was issued at the request and upon the representations of Harper himself.

The counsel for the appellant admits in his printed brief that:—

" Where the stakeholder has been induced to enter into an independent contract with one of the claimants by the imposition, deceit, misrepresentation or fraud of such claimant, a distinction is made ; and the stakeholder so entrapped may require the adverse claimants to interplead, and in support of these views he relies on *Martin vs. Costello*, 1 *Irish Equity*, 50–6. If this be so, then the appellant has no right to object to the bill of interpleader filed in this case. The record shows that the policy issued payable to Harper and his legal representatives, as a substitute for the former policy payable to his wife, and in consequence of which the double claim has arisen, was issued upon the representations of Harper himself and the company thus misled by these representations, certainly has the right to require him to interplead. The order of the Court therefore continuing the injunction and requiring the parties to interplead will be affirmed.

*Decree affirmed and*
*cause remanded.*

(Decided 28th June, 1878.)