# WILLIAM G. SCOTT ET AL., EXECUTORS, *v.* MARGARET MARDEN.

*Interpleader—Demurrer to Answer—Filing By Other Defendant.*

One defendant in interpleader cannot, as a first step at least, demur to the answer or cross-bill of another defendant, since a demurrer in such case cannot assist the court in ascertaining the ownership of the fund. p. 15

Although a demurrer by one defendant in interpleader, to an answer by the other in the nature of a cross-bill, should not have been entertained, no objection having been made to its consideration, an order overruling it will be sustained. p. 16

*Decided March 24th, 1927.*

Appeals from the Circuit Court of Baltimore City (FRANK, J.).

Bills of interpleader by the Travelers' Insurance Company and the Equitable Life Assurance Society of the United States, against William G. Scott and others, executors of William H. Scott, deceased, and Margaret Marden. From orders overruling demurrers by said executors to the answers, in the nature of cross bills, filed in each case by said Margaret Marden, they appeal. Affirmed.

The causes were argued before BOND, C. J., PATTISON, URNER, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*John B. Deming,* with whom was *Robert R. Carman* on the brief, for the appellants.

*John Phelps,* for the appellee.

SLOAN, J., delivered the opinion of the Court.

These cases come before us on appeals from orders of the Circuit Court of Baltimore City, overruling demurrers of the appellants to the answers of the appellee, in the nature of cross bills, to bills of interpleader filed against the appellee and appellants, by the Travelers' Insurance Company in one case, and by the Equitable Life Assurance Society of the United States in the other. Both parties were claimants of the proceeds of insurance on the life of William H. Scott, deceased, of whose estate the appellants are executors. The money due on the policies was paid into court by both companies and the court passed an order in each case requiring the respective parties to interplead, the appellee here to be plaintiff and the appellants to be defendants. The appellee filed her cross bill, to which the appellants demurred. The court sustained the demurrers to the original cross bill. The appellee then filed amended cross bills, the appellants again demurred and the demurrers were overruled, and from the orders overruling the demurrers the cases are before us.

For the reasons hereinafter given we do not consider the allegations of the amended answers of the appellee, which are in the nature of cross bills, nor the grounds of demurrer, open for consideration on this appeal. It does not seem to be the practice anywhere for one defendant in interpleader, as a first step, at least, to demur to the answer or cross bill of another defendant. A demurrer in such case cannot assist the court in ascertaining the ownership of the fund. "The defendant claimants are in a position similar to that of plaintiffs in possessory actions in general, where recovery must rest on their own title rather than on the weakness of their adversary's title." 15 R. C. L. 233; *Conway v. Caswell,* 121 Ga. 254.

It is well settled that a defendant may demur to a bill of interpleader. *Home Life Ins. Co. v. Caulk,* 86 Md. 385; 33 C. J. 457. In *Athol Savings Bank v. Bennelt,* 203 Mass. 480, the court said: "A demurrer lies to a bill of interpleader if the facts therein alleged do not entitle the plaintiff to have

the defendants, or some of them, interplead.    But the demurrer filed by the savings bank was a demurrer to Mrs. Bennett's answer, and was filed after an interlocutory decree directing all parties defendants to interplead. * * * The savings bank had no right to demur to Mrs. Bennett's answer, and for that reason it was properly disregarded in the superior court."

It is our opinion that the demurrers in these cases should not have been entertained, but no objection having been made to their consideration, the orders of the lower court overruling the demurrers to the amended answers or cross bills of the appellee will be sustained.

> *Orders affirmed, with costs, and cases remanded for further proceedings.*