CARRIER CORPORATION, a corporation of the State of Delaware, complainant-respondent,

*v.*

BEDWORTH, INC., a corporation of the State of New Jersey, and FEIST & FEIST, INC., a corporation of the State of New Jersey, defendants-appellants.

[Argued October term, 1938. Decided February 6th, 1939.]

*Messrs. Haines & Chanalis (Mr. Michael N. Chanalis)*, for Bedworth, Inc.

*Messrs. Schotland, Harrison & Schotland (Mr. Joseph J. Schotland)*, for Feist & Feist, Inc.

*Messrs. Minturn & Weinberger (Mr. Joseph J. Weinberger)*, for the complainant-respondent.

The opinion of the court was delivered by

BODINE, J.

The appeal in this case is from an interlocutory order directing that the defendants interplead with respect to their claims that they are entitled to a commission earned by reason of the sale of complainant's property situate in Newark. The property was sold for $150,000, and the complainant tendered the payment of commissions in the sum of $7,500 into court. The complainant Bedworth, Inc., has commenced a suit at law for such commissions and the defendant Feist & Feist, Inc., claim that they are also entitled to commissions in like amount.

The complainant in May of 1936, presumably notified many brokers in Newark that it desired to sell its property on certain terms. Thereafter, Feist & Feist, Inc., notified it that they had several prospective purchasers and would notify complainant if they could consummate the sale. For a long time nothing further was heard from these brokers, because on January 21st, 1938, Bedworth, Inc., procured a contract for the sale of the property to George Cohen & Co., the agreement providing for the payment of commissions. Shortly

before the consummation of the sale, an associate of the complainant was notified that Feist & Feist, Inc., claimed commissions because they had interested the Uco Food Corporation in the purchase of the property and had registered that name with the complainant. It does not appear what the connection may be between the two companies. The defendants moved to strike the bill as frivolous and insufficient.

Chief-Justice Beasley in *Vreeland* v. *Vetterlein, 33 N. J. Law 249,* said: "It is certainly true, as a rule of law, that under ordinary circumstances, where a broker, employed to sell property, brings about an introduction of a buyer, and when a negotiation, resulting in a purchase, ensues on that foundation, the owner and the buyer cannot, by any arrangement, disappoint the claim of the agent for remuneration. * * * But it appears to be equally obvious that another principle must be applied to cases in which several agents are avowedly employed by the owner. Under such circumstances, it would be impracticable to resort to the same rule as when a monopoly to sell is given to one. In the latter case, the implied understanding is, that the seller will not take advantage of the endeavors of the agent, and that no other person is authorized to do so. But in the instance of a number of agents, the agreement of non-interference is not so wide, for it extends to the act of the seller only. Where the property is openly put in the hands of more than one broker, each of such agents is aware that he is subject to the arts and chances of competition."

It appears from the bill that the right of Bedworth, Inc., to a commission arises from a written agreement and the right of Feist & Feist, Inc., arises, if at all, by reason of the circumstances related. It appears not to be a case of conflicting claims for the same thing (*Equitable Life Assurance Society* v. *Kelsey, 124 N. J. Eq. 38*), but a case of claims arising from different obligations. *Leader Holding Corp.* v. *McLintock, 121 N. J. Eq. 542.*

The law is well settled that where several brokers are employed with full knowledge by each of such employment

that in the absence of collusion on the part of the vendor, the broker through whose instrumentality the sale is completed is entitled to commissions. *Vreeland* v. *Vetterlein, 33 N. J. Law 247.* Undoubtedly there are cases where a vendor employing many brokers could implead the contestants for the commissions. Possibly if Feist & Feist, Inc., did introduce the purchaser that company lost all interest in the brokerage service of the introducer. The circumstances that the complainant appears to have entered into a separate obligation to Bedworth, Inc., however, deprives it of the right in the court of chancery to have the contending brokers settle their dispute as to who, without the collusion of the vendor, consummated the sale according to the vendor's terms.

The decree appealed from is reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, PORTER, HETFIELD, DEAR, WELLS, WOLFSKEIL, RAFFERTY, WALKER, JJ.   15.