FLORENCE YOUNG MAULSBY ET AL. *v.* MILLER SCARBOROUGH ET AL.

[No. 34, October Term, 1940.]

68

*Decided December 17th, 1490.*

The cause was argued before BOND, C. J., PARKE, SLOAN, MITCHELL, JOHNSON, and DELAPLAINE, JJ.

*Eldridge Hood Young,* for the appellants.

*George L. Clarke,* with whom were *Robert H. Archer, Herbert Levy,* and *Tydings, Sauerwein, Levy & Archer,* on the brief, for Miller Scarborough and J. Harvey Scarborough, appellees.

*Charles H. MacNabb,* for Curtis Kroh, appellee.

SLOAN, J., delivered the opinion of the Court.

One of the appellees, Curtis Kroh, filed a bill of interpleader against Miller Scarborough and J. Harvey Scarborough, and Florence Young Maulsby, Elizabeth C. Smithers and Margaret Smithers, to which the Scarboroughs answered and the others demurred. *Scott v. Marden,* 153 Md. 14, 137 A. 523. The demurrer was overruled and the demurrants ordered to answer without prejudice to raise the same questions in their answer as in their demurrer. They answered and demurred, repeating the reasons assigned in the original demurrer. The plaintiff, Kroh, demurred to the answer of the appellants, and his demurrer was sustained. Thereupon a decree of interpleader was passed, whereby the defendants were ordered to interplead, with the Scarboroughs as plaintiffs and the others as defendants, and further proceedings against the plaintiff, Kroh, stayed pending the outcome of the controversy between the two groups of defendants. The decree ought to be amended so as

to require the plaintiff, Kroh, pending the final determination of the suit between the defendants, to each month pay his rent to the clerk of the Circuit Court. The defendants Florence Young Maulsby and Elizabeth C. Smithers appealed from the decree which overruled their demurrer, sustained the plaintiff's demurrer, and ordered them to interplead.

The plaintiff, Kroh, in his bill says that, by a written lease executed on or about December 29th, 1933, John S. Young leased to him a "store house situated in the town of Bel Air, Harford County, Maryland, at corner of Main Street and Pennsylvania Avenue, and the ground said store building is on" for the term of one month beginning January 1st, 1934, at $40 a month, payable in advance, (later increased by oral agreement to $50) to continue from term to term, with the right to either party to terminate it any time on ten days' notice in writing, and that the plaintiff has occupied the premises ever since the execution of the lease and has paid his rent to April 1st, 1940; that John S. Young, the lessor, died February 17th, 1939; that on or about March 9th, 1939, the defendants Miller Scarborough and J. Harvey Scarborough, through their attorney, Robert H. Archer, made written demand on the plaintiff for all rent thereafter accruing, claiming that at the time of the execution of the lease John S. Young was a cotenant, holding a life estate in an undivided interest in the property "and that in leasing the said premises * * * he was acting for his then co-owner of said property as well as on behalf of himself, and, in collecting the rents reserved under the said lease, he was at all times acting for and on behalf of all co-owners of said property, including the said defendants, Miller Scarborough and J. Harvey Scarborough, who, previous to the death of the said John S. Young, had acquired title to the said demised premises, by devise and inheritance subject to the life estate of the said John S. Young * * * and that upon the death of the said John S. Young, the said defendants, Miller Scarborough and J. Harvey Scarborough, became the sole

owners of said property, and as such entitled to all of the rental money thereafter accruing under said lease." That, on or about April 7th, 1939, the defendants, Florence Young, Elizabeth C. Smithers and Minnie Margaret Smithers, made written demand on the plaintiff, by Eldridge Hood Young, their attorney, for the whole rent thereafter to accrue. In the letter of April 7th, 1939, Mr. Young, in addition to saying his clients would protect the plaintiff in his "possession of the property and the payment of any rents against the illegal claims of the Scarboroughs through Robert H. Archer, Esq., or any other attorney representing them," wrote, "Mr. John S. Young was during his lifetime the sole owner of the property in fee simple and it has now descended to his devisees under his will and you should pay the rent to them or their representative, Mr. Harry L. Young."

The plaintiff further alleged that he was separately warned by each of the two groups of defendants not to pay rent to the other, leaving him no alternative, aside from vacating the premises in which he had done business for seven years, but to get all the claimants into court, where their claims and pretensions could be adjudicated. Hence the bill for an interpleader. The Scarboroughs, in their answer, set out in detail their title, but we are not at liberty at this stage in the case to consider it.

The appellants contend that the plaintiff is estopped to deny his landlord's title. No one disputes this statement of the law, but it is not without its limitations. While John S. Young lived, the plaintiff could not have questioned his right to execute a lease of the property, and the lessee would have been bound to pay the rent. The rule, however, does not extend beyond the expiration of the lease or the death of a lessor holding a life estate. *Presstman v. Silljacks*, 52 Md. 647, 656; *Johnson v. Riddle*, 240 U. S. 467, 480, 36 S. Ct. 393, 60 L. Ed. 752, 758; *Lamson v. Clarkson*, 113 Mass. 348; 35 *C. J.* 1243, sec. 595. The appellants in their brief quote from *Wilmer*

*v. Philadelphia & R. Coal & Iron Co.,* 124 Md. 599, 610, 93 A. 157, 161, as follows: "The well recognized exception to the rule that a tenant cannot maintain a suit for interpleader against his landlord is where there is privity between his landlord and the opposing claimant; that is, where the title of the other claimant is derived from that of the lessor, or where both defendants claim under the lessor by different titles. In such cases the tenant does not dispute his landlord's title. 3 *Pomeroy's Equity* (2nd Ed.) sec. 1327, note 2, p. 2043," to which the appellants add, "Here the landlord, John S. Young claims to be sole owner not cotenant." The allegation in the bill is that John S. Young was the owner of a life estate in an undivided interest; and while it does not say from whence the estate was derived, the implication is that he acquired it by deed or as survivor of his wife. At any rate it charges that the title of John S. Young which supported the lease has expired, and has been terminated by operation of law, and now he files his bill of interpleader to ascertain and have it determined who his landlords are. *Ketcham v. Brazil Block Coal Co.,* 88 Ind. 515; 16 *R. C. L.* 666, sec. 152; 1 *Pomeroy's Equitable Remedies,* sec. 55. Nor is there an estoppel because the tenant paid rent to the appellants for the first month after the death of John S. Young. 35 *C. J.* 1244; *Isaac's Lessee v. Clarke,* 2 Gill 1, 10.

It appears that there are sufficient allegations in the bill of interpleader to submit the question as to whether the Scarboroughs and John S. Young, whose devisees stand in his shoes, derived their titles from the same common source, and that on this issue the demurrer of Young's devisees should have been overruled. *Emerick v. New York Life Ins. Co.,* 49 Md. 352; *Miller's Eq. Proc.* 826.

The contention which the defendants Smithers and Maulsby most strongly urge is that the tenant "should not be allowed to implead his landlord and to try title to land in an equity proceeding." If this were an original proceeding between the defendants in interpleader, the

statement would literally apply. But this is not such a suit; a lessee whose lessor, himself alleged to have been a life tenant, has died, and two sets of claimants to the property appear demanding rent, the tenant is there caught between two fires and is entitled to know to whom he should pay rent. "An objection of this character is not available on demurrer to a bill stating a case for interpleader, since the forum in which the parties shall litigate under the bill, whether at law or in equity, is a matter for consideration at a later stage in the proceedings." 30 *Am. Jur.*, 231, sec. 23. Assuming, without deciding, that this may be a trial of title to land derived from different sources and not from a common source, the court can then, under the provisions of section 124, article 75, of the Code, remove the case of the rival defendants to a court of law "in the same county * * * and thereupon such proceedings shall be had, by amendment of the pleadings and otherwise, as shall conform the case to the course of the court to which the same shall have been removed, under such general and special rules as each of such courts may prescribe for the adjustment of costs, the prevention of delay and the promotion of justice." Curtis Kroh would not be a party to the case so removed; the Scarboroughs would be plaintiffs and the others defendants in accordance with the order of interpleader. In the meantime, the decree of interpleader would continue in force to abide the result of the controversy between the defendants in interpleader, whether at law or in equity.

Included in the decree of interpleader is an order sustaining a demurrer of the plaintiff to the appellant's answer to the bill of interpleader. We have not been referred to, nor do we find, any authority or precedent for a demurrer by a plaintiff to the pleadings of any of the defendants in interpleader. He must maintain a position of strict impartiality. So long as he has not bound himself to one of the defendants, it is a matter of indifference to the plaintiff what the respective contentions of the defendants are. "His position is that of

stakeholder; he has no interest in the issue and cannot be affected by the final decree in the cause." *Miller's Equity Proc.*, 825; *Steffy, Inc. v. American Bank Stationery Co.*, 161 Md. 124, 128, 155 A. 306. If the ruling on the plaintiff's demurrer should stand, this would not be a case for interpleader, as, for the time being at least, it leaves the Scarboroughs as the only defendants (30 *Am. Jur.* 230, sec. 22), and their claim against the plaintiff would be at law for use and occupation. 2 *Tiffany, Landlord & Tenant*, 1857. When the bill of interpleader was sustained on the appellant's demurrer, that is where his activity in the case ended, as he had no further interest in the outcome. The plaintiff's demurrer should not have been entertained, no matter what the grounds, and the order sustaining his demurrer must be reversed.

There is a motion to dismiss the appeal on the ground that the decree of interpleader be dismissed because it is interlocutory and not appealable. *Hopkins v. Easton National Bank*, 171 Md. 130, 187 A. 874; *Miller's Eq. Prac.* 827, sec. 724. If this were only the usual decree of interpleader, the motion would prevail, but included in the decree were the rulings on the demurrers of plaintiff and appellants, which required decision before the remand of the case.

There is one other matter that, in our opinion, requires some notice and action, and that is the fee allowed the plaintiff's counsel, which eventually will fall on the unsuccessful defendants. In the opinion of this court $50 is ample allowance for this kind of service such a case as this requires, and the decree shall be modified accordingly.

The decree appealed from will, therefore, be affirmed in part and reversed in part, and the case remanded for further proceedings.

> *Decree affirmed in part and reversed in part, and case remanded for further proceedings; one-half of the costs to be paid by the appellee, Curtis Kroh, and one-half by the appellants.*