EMMA V. BLANCHARD
*vs.*
HORMIDAS VOGHEL ET AL.

Court of Common Pleas     Judicial District     File No. 8745
(of Waterbury)

MEMORANDUM FILED SEPTEMBER 21, 1943.

*Theobald E. Conway,* of Waterbury, for the Plaintiff.

*William K. Lawlor,* of Waterbury, for the Defendant Walter H. Hart, Inc.

FITZGERALD, J. Plaintiff's complaint is in the form of a bill of interpleader under the statute (Gen. Stat. [1930] §5911) directed against two defendants. It alleges in substance that (1) (2) in May, 1943, plaintiff was the owner of certain real estate and sold it to M; (3) both defendants claim they are entitled to $310 "as commission for effecting the sale"; (4) defendants are "proposing to proceed with lawsuits" against plaintiff "to enforce their claims"; (5) plaintiff "is ready and willing" to pay the regular commission "but is ignorant of the rights of the defendants." The complaint concludes with the usual claims of injunction, interpleading, discharge and payment of counsel fees and disbursements out of the fund in question as contained in Form 501 of the Connecticut Practice Book (1934).

Defendant Walter H. Hart, Inc., demurs on three grounds: (1) there is no allegation of "any common fund"; (2) "the allegations of the complaint as to the other defendant discloses that the defendants are strangers to any fund"; (3) it does not appear that the claims of the defendants are "in any way connected with or dependent upon said fund or derived from a common source."

"The basis for an action of interpleader is the existence of conflicting claims to property in the hands of a stakeholder."

*Commercial Discount Co. vs. Town of Plainfield,* 120 Conn. 274, 278.

"A demurrer lies to a bill of interpleader if the facts therein alleged do not entitle the plaintiff to have the defendants or some of them interplead." *Athol Savings Bank vs. Bennett,* 203 Mass. 480, 486, 89 N.E. 632, 635. *See, also, Scott vs. Marden,* 153 Md. 14, 15, 137 Atl. 523; *Nash vs. Smith,* 6 Conn. 421; 33 *C. J. Interpleader* §45, p. 457.

Generally speaking four conditions are necessary to entitle a stakeholder, such as plaintiff, to maintain a bill of inter-pleader: "(1) The same thing, debt, or duty must be claimed by both or all of the parties against whom the relief is de-manded (2) all their adverse titles or claims must be depend-ent, or be derived, from a common source; (3) the plaintiff must not have or claim any interest in the subject matter; (4) the plaintiff must have incurred no independent liability to either of the claimants, but must stand indifferent between them merely as a stakeholder." 30 *Am. Jur. Interpleader* §8, p. 218.

The interposed demurrer satisfies the court that the com-plaint is insufficient respecting foregoing conditions (1), (2) and part of (4). Had the complaint contained an allegation to the effect that both defendants claim that they were "the efficient or effective procuring cause of the sale" (*Housatonic Valley Insurance Agency, Inc. vs. Klipstein,* 125 Conn. 274, 278) entitled to the identical and only commission due from plaintiff *de* sale in question, the complaint in that event might be sufficient. But this allegation is lacking. Paragraph 3 of the complaint is not broad enough. *See Leader Holding Corp. vs. McLintock, infra.*

The observation of Chief Justice Beasley of New Jersey in *Vreeland vs. Vetterlein* (1869), 33 N.J. Law 247, 250, is pertinent on this aspect: "The task would be difficult and the risk great, if vendors were called upon to decide between the claims of contestants. How would it be possible for such vendor to say whose influence it was that produced the sale, where the purchaser has been solicited by both agents? It would be at variance with all practical rules, to require the party selling to pronounce, under the penalty of paying double commissions, upon the metaphysical question, which

agent, under such circumstances, was the efficient cause of the sale." The *Vreeland* case was not an action of interpleader. However, the Court of Errors and Appeals of New Jersey in the comparatively recent case of *Carrier Corp. vs. Bedworth, Inc.,* (1938), 125 N.J. Eq. 163, 166, 4 Atl. (2d) 277, 278, recognizes that there are cases in which a vendor may properly implead the contestants for commissions.

In the light of the interposed demurrer, however, the complaint in the case at bar is obviously susceptible to different possibilities. To paraphrase, "Plaintiff may be indebted to Walter H. Hart, Inc. for $310 . . . and she may also be obligated to pay Hormidas Voghel for his services. Or plaintiff may be indebted to Walter H. Hart, Inc., and it may be indebted to Voghel. Such situations would not be the basis for interpleader, since the defendants would not claim the same debt. In the first supposed case, each asserts a separate right against plaintiff . . . In the second, Voghel looks not to plaintiff but to Walter H. Hart, Inc." *Leader Holding Corp. vs. McLintock,* 121 N. J. Eq. 542, 543, 191 Atl. 768.

The office of a demurrer admits facts well pleaded. *Hardy vs. Scott,* 127 Conn. 722, 723. But as pointed out the allegations in the complaint as drawn are not broad enough. Manifestly the demurrer is well taken on all grounds.

Demurrer sustained.