## ROCKWELL *v.* CARROLL PRINTING & PUBLISHING CO., Inc.

[No. 24, October Term, 1948.]

*Decided December 8, 1948.*

The cause was submitted before MARBURY, C. J., DELA-PLAINE, COLLINS, HENDERSON, and MARKELL, JJ.

Submitted on brief by *Mullikin, Stockbridge & Waters, Enos S. Stockbridge* and *James J. McGrath, Jr.,* for the appellant.

No brief and no appearance for appellee.

MARBURY, C. J., delivered the opinion of the Court.

The County Commissioners of Baltimore County filed a bill of interpleader against the appellant and the appellee in the Circuit Court for Baltimore County. The bill alleged that the Board of Supervisors of Elections of the County published certain advertisements in connection with the primary election of June 24, 1946, in a newspaper known as "The Sentinel", and the County Commis-

sioners were charged with the duty of paying the bill for these advertisements, amounting to $1289., which was presented to the County Commissioners by "The Sentinel". Both the appellant ánd the appellee demanded payment of this bill, each as publisher of "The Sentinel", and since the Commissioners were unable to decide between the respective claims, they tendered the amount to the Court and requested that the Court should require the defendants to interplead, and that meanwhile both be enjoined from commencing any action at law against the County Commissioners. On this bill the Court immediately passed an order directing an interpleader, and designating the appellant as plaintiff, and the appellant thereupon filed his complaint. The gravamen of appellant's claim, thus presented, was not that he was the publisher of "The Sentinel" as he is alleged to have claimed to the County Commissioners. It was that on November 1, 1945, he entered into an agreement with a certain Pitt Koll, providing for the proposed publication of "The Sentinel". Under this agreement Koll was to receive weekly stipends of $25.00 for which he was to supervise the production of the paper, solicit advertising, circulation and distribution, and supervise the distribution and mailing of the issue. The appellant was to pay for the postage and also pay the expenses of incorporating a new company to be known as "The Carroll Printing and Publishing Company, Inc.", in which Koll was to be a director and also Edward J. Warren (subsequently shown by the evidence to be an associate of the appellant) was to be a director, and was to serve as president. The agreement was to continue for one year and was in the form of a letter addressed to Mr. Koll by the appellant and accepted by Pitt Koll, and Pitt Koll, agent for "The Carroll Printing and Publishing Company, Inc." The part of this letter upon which the appellant bases his claim is as follows:

"It is expressly agreed and understood that all revenues from advertising, subscriptions, and contributions shall be paid into an account maintained by me to help defray the expenses of promoting and publishing the aforesaid

paper, until such a time as the venture shall be self-supporting, at which time compensation and allowances will be adjusted proportionately."

The appellant further alleged that in accordance with this agreement he paid for the costs of the incorporation and of publishing "The Sentinel" and other expenses aggregating $2439.60 and has received from subscriptions and advertising $144.46, so that the net advances made by him are $2295.14. He further alleged that a certificate of incorporation creating the defendant, was duly executed and filed with the State Tax Commission but no stock has been issued, no meeting of stockholders or directors has been held, no officers have been elected, and no monies have ever been paid into said corporation. It is stated to be dominated and controlled by Pitt Koll (not a party to the case), through his wife who is one of the surviving directors.

The appellee answered denying all the matters set out in appellant's bill, except the fact that $1289. is due by the County Commissioners, and that it was incorporated on December 31, 1945. When the case was heard it was agreed that "The Sentinel" was nominally published by The Carroll Printing and Publishing Company, Inc. Then the appellant offered in evidence the agreement of November 1st. The court declined to admit it on the ground that matters affecting the corporation or distribution of its assets or contracts and incidents affecting its formation had no part in this proceeding. The appellant testified he had paid the expenses of incorporation and the money had never been repaid him, and he offered to prove his expenditures made for the expenses of appellee aggregated in excess of $2000., but objection to this testimony was sustained. Mr. Warren, one of the incorporators, testified that there was never a meeting of the directors, that he had never resigned, that he did not know that any stock of the corporation had ever been issued, and that he did not know whether the corporation had ever obtained any capital. Both he and the appellant admitted in their testimony that the appellee was the pub-

lisher of "The Sentinel". The whole case of the appellant was based upon the agreement of November 1st, and, as this was not allowed in evidence, and it was admitted that the appellee was the publisher of "The Sentinel", the Court passed a decree on March 11, 1948, directing the fund to be paid to the appellee, less court costs and a $50, fee to the attorney for the County Commissioners. From this decree an appeal was taken.

The right to file a bill of interpleader is founded on the fact that the complainant is threatened with double vexation in respect to one liability. *Steffey, Inc., v. American Bank Stationery Company,* 161 Md. 124, at page 127, 155 A. 306. In the same case are set out the four essential elements of the right, one of which is that the same debt must be claimed by both or all of the parties against whom the relief is demanded. The bill filed in this case states that each of the defendants claims the debt due to "The Sentinel" *as its publisher.* This is a sufficient ground for an interpleader. The order directing the interpleader, however, was prematurely and improvidently passed on the same day the bill was filed. *Barth v. Rosenfeld,* 36 Md. 604, *Miller v. Massachusetts Mut. Life Insurance Company,* 183 Md. 19, at page 34, 36 A. 2d 517. The proper procedure was to give the defendants an opportunity to demur, (*Home Life Insurance Company v. Caulk,* 86 Md. 385, 38 A. 901) or to answer and then the Court could determine whether the bill was properly brought. In this case, however, the question is not raised, and in our opinion the bill is sufficient. The difficulty is with the proof.

The right of either party to recover in an action of interpleader depends on his or its own title. *Scott v. Marden,* 153 Md. 14, 137 A. 523, *Wetzel v. Collin,* 170 Md. 383, 185 A. 117. When the appellant filed his complaint and offered his testimony, we find that his claim is not as publisher of "The Sentinel", but is as a preferred creditor of the appellee under the agreement of November 1st. He has a claim of $2295.14 against the latter, and his contention is that he is entitled to be given the $1289.

due the appellee by the County Commissioners, so that he can apply it to his debt. He obviously has no claim under these circumstances on the fund in the hands of the County Commissioners and he would have no right to be paid this fund through them. What his rights may be as against the appellee depend on a number of other factors which cannot be determined in an interpleader case. The appellee may be entirely solvent, in which case he can sue for his debt. It may be insolvent, in which case he can ask for a receiver. The appellee may have other creditors who are entitled to share in any assets, and the question of the validity of its agreement to turn over all of its receipts to the appellant would have to be determined in the light of the rights of other creditors, if any. All of these questions go far beyond the purpose of an interpleader proceeding which is merely to determine who is entitled to collect the fund from the original complainant.

The appellant cites a number of cases which it contends have decided similar questions, but we find essential differences. In *Miller v. Massachusetts Mut. Life Insurance Company, supra,* the question was between different beneficiaries of a life insurance fund. In the case of *Maulsby v. Scarborough,* 179 Md. 67, 16 A. 2d 897, the question was whether devises of a deceased landlord or reversioners were entitled to rent. In the case of *Hopkins v. Easton National Bank,* 171 Md. 130, 187 A. 874, the question was whether the proceeds in a bank account belong to the administrator of the decedent in whose name the account was kept, or whether they belonged to a corporation which contended that they were collections made by the deceased as its agent. In the case of *Wetzel v. Collin, supra,* the question was between an administrator of a deceased and the joint tenant of a share account in a Building Association. In the case of *Phillips v. Taylor,* 148 Md. 157, 129 A. 18, the question was the ownership of the proceeds of the sale of timber claimed on the one hand by the devisee, and on the other hand by an heir at law who said that the devise did not cover the land from which the

timber came. In all of these cases the question related to the right to the particular fund. We have been referred to no cases, and we have found none, in which the parties are required to litigate in an interpleader proceeding the right of one to recover a debt from another, where the fund itself is clearly payable in the first instance to one of the parties and not to the other. We think such litigation is beyond the purpose of the proceeding of interpleader, which is to relieve the stake holder of the responsibility of deciding to whom he should pay the fund.

In the instant case we have treated appellant's case as if his contract and his tender of testimony had been admitted, but as they did not tend to prove his right to the fund, we think the Chancellor was correct in declining to admit them in evidence. The admissions of the appellant that the appellee was the publisher of "The Sentinel" were sufficient to justify a decree awarding the fund to the appellee in the first instance, although this does not mean that the appellant is not at liberty to collect his debt from the appellee in any way that he may be entitled under the circumstances. The decree will, therefore, be affirmed, without prejudice to the right of the appellant to take such other action as may be proper.

*Decree affirmed without prejudice, with costs to appellee.*